**Michael Westfall,** *Pro Se* **Plaintiff**
**4721 Pebble Brook Circle NE**
**Cleveland, TN 37312**
**(423) 584-7763**
**both@gentoo.net**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
23 July 2021 2:25 PM lrs
Michelle Rynne, Clerk of Court

No IFP Subm.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

MICHAEL WESTFALL,

    Plaintiff,

v.                                                              Civil Action Number: 21-00317-RT-None

ASSOCIATION OF UNIVERSITIES FOR
RESEARCH IN ASTRONOMY,

    Defendant.

## COMPLAINT

COMES NOW Plaintiff, Michael Westfall, and files the following complaint against Defendant, Association of Universities for Research in Astronomy, as follows:

### Nature of the Action

1. The Association of Universities for Research in Astronomy ("AURA") is a private employer who discriminated and retaliated against Mr. Westfall based on his disability and his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 623, *et. seq.* ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et. seq.* ("ADA"), and Section 504 of the Rehabilitation Act of 1973, as amended, ("Rehabilitation Act"), 29 U.S.C. §794 et seq.

2. As a result of this discrimination and retaliation, Mr. Westfall seeks all available damages against Defendant including declaratory, injunctive and compensatory relief for

1

termination of employment on the basis of actual, regarded as or record of disability and based upon age.

## Jurisdiction and Venue

3. This action is authorized and instituted pursuant to the ADA, 42 U.S.C. § 12101, et seq. Plaintiff has exhausted the administrative remedies under the ADA and ADEA as evidenced by the Equal Employment Opportunity Commission's Dismissal and Notice of Right to Sue issued on April 26, 2021. (EEOC Letter of Dismissal: Attached as Exhibit 1).

4. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because the defendant resides within this district and Plaintiff received earnings through payroll in this district.

## Parties

5. Plaintiff, Michael Westfall, is an adult individual, residing in Cleveland, TN 37312. At all relevant times, Mr. Westfall was over the age of forty (40) and a qualified individual with a disability, or perceived as such, who possessed the qualifications to perform the essential functions of his job with or without accommodations.

5. The defendant, Association of Universities for Research in Astronomy ("AURA") is a not-for profit corporation located at 670 N A'ohoku Place, Hilo, Hawaii 96720. Mr. Westfall received his W-2s and paychecks from AURA-Gemini Observatory, in additional to travelling to the above location for the completion of job duties and communications regarding salary and benefits. Defendant is a federal contractor and the recipient of federal funding.

## STATEMENT OF FACTS

1. Mr. Westfall is a 62-year-old software engineer, and a person with diabetes.

2. Mr. Westfall is United States citizen and was a dedicated employee at AURA's Gemini Observatory in La Serena, Chile for almost six years.

3. After taking an extended medical leave due to complications from diabetes, AURA unjustifiably disciplined Mr. Westfall, terminated his employment because of his age and diabetes, and replaced him with substantially younger and less experienced employees.

4. After spending fourteen years building electronics and communications systems in the railroad industry, Mr. Westfall wanted to advance his career and become involved in research and development of missile software systems. At the age of 38, Mr. Westfall earned a Bachelor of Science degree in Computer Science, and he spent the next fifteen years building a steadily rising career working on high profile and sensitive government projects in the defense and aerospace industries.

5. Mr. Westfall spent more than ten years at Los Alamos National Laboratory ("LANL"), where he had Q-level security clearance and worked on programming for, among other things, linear particle accelerators, space-based sensors, and airborne surveillance systems. Before that, he worked for Raytheon Missile Systems, where he held secret security clearance and worked on programming for missile simulations at Raytheon Missile Systems. In both positions, Mr. Westfall had a reputation for producing excellent work.

6. In 2014, Mr. Westfall had a stable job at LANL in New Mexico, but became intrigued by an opportunity to work as a Software Engineer on AURA's Gemini telescopes. The AURA position was located in Chile and involved designing, implementing, and modifying "real-time" control system software for the telescopes as part of AURA's Real-Time Software Upgrade project ("the Project"). Excited by the opportunity to help develop a cutting-edge telescope software system and provide his children with the experience of living abroad and in a different culture, he moved his family more than 5,000 miles and joined AURA in La Serena, Chile.

7.      Initially, he was hired by AURA for a two-year term to work on the Project, reporting to Arturo Nunez, the Software Group Manager.

8.      Mr. Westfall became an integral member of the software engineering team, and his performance was excellent. For instance, throughout his tenure at AURA, until shortly before his termination, he consistently received "successful" annual performance reviews. performance-based bonuses, andannual salary increases. He was recognized for his many talents. including his "excellent trouble- shooting skills," "outstanding job at addressing ... complications," ability to communicate with his team, his facility with solving "hard problems" and his dedication and commitment. In May2019, he was even awarded AURA's "'2019 Outstanding Achievement Award" in "Technology & Innovation."

9.      In 2016, Mr. Westfall was made a permanent employment, and, in 2018, when theProject ended, AURA induced him to stay-on in a general software operations support role.

10.     In the fall of 2019, however, Mr. Westfall became severely ill, and his experience at AURA rapidly changed as a result. Specifically, in September 2019, he developed a serious diabetes related infection in his foot. The infection turned septic. He was on the verge of a major surgery, almost lost his toes to amputation, and required hyperbaric oxygen during the ordeal.

12.     Although Mr. Westfall initially thought that he would be out of work for a short time, he was unable to ·work for more than two months. As his condition worsened, he updated AURA about his medical status and the need for additional time off.

13.     When Mr. Westfall returned to work in December 2019, AURA's attitude towards him changed. For instance, Mr. Nunez started singling him out, subjecting him to noticeably harsher criticism than he treated his co-workers.

14. In early 2020, when Mr. Westfall received his annual performance review for fiscal year 2019 ("the FY19 review"), for the first time, he was rated as "Needs Improvement" - even though he had received an "Outstanding Achievement Award" just approximately three months before the end of fiscal year 2019. The FY19 review was baseless and falsely accused him of failing to meet certain goals (that either had been completed or that he never had in the first place).

15. On March 25, 2020, AURA gave him a "sixty-day notice" ("the sixty-day notice") threatening to terminate his employment in sixty days based on the FY19 review if his performance did not improve in three areas ("independent," "communication," and "ownership and priority management").  The sixty-day notice was unjustified and belied by prior reviews. For instance, it claimed that he needed to immediately improve his trouble-shooting skills, even though AURA had previously praised him for the very same thing.

16. The sixty-day notice also put him in an impossible situation.  It required him to work on telescope-related tasks that could not be performed because, by March 25, the relevant telescope operations had been largely shut down due to the COVID-19 pandemic, and he and other employees were required to work from home.  Nevertheless, Mr. Westfall capably performed the assigned tasks to the extent that they could be performed.

17. During the same sixty-day period, AURA began hiring new employees in their 20s and 30s with little relevant experience to perform the same duties as him. This is when he realized that there was no bona fide sixty-day period and that his termination was pre-ordained.

18. On May 25, 2020, AURA terminated his employment under the false pretext of performance, despite his many years of dedicated and excellent work and even though there was no evidence or communication by AURA that he had failed to "improve" during the sixty-day

period. AURA assigned his responsibilities to the new hires in their 20s and 30s who had little relevant experience.

19. As a direct result of AURA's actions as described above, Mr. Westfall was discriminated against and retaliated against because of his age and disability in violation of the ADA, Rehabilitation Act and ADEA.

20. As a direct result of AURA's illegal actions, Mr. Westfall have suffered substantial damages, including, but not limited to, back pay, front pay, liquidated damages, significant emotional distress, other consequential and compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT I
## DISCIPLINE AND TERMINATION
## UNDER THE ADAAA AND REHABILITATION ACT

21. Plaintiff incorporates herein by reference the previous allegations of this Complaint.

22. Plaintiff is a qualified individual with a disability who was limited in one or more major life activities.

23. Plaintiff himself and through his physicians requested a medical leave of absence acknowledged by defendants in human resources.

24. Defendants discriminated against Mr. Westfall by disciplining him and terminating him based upon his disabilities following a medical leave of absence.

25. As a direct result of defendant's violations of the ADA, plaintiff lost wages, experienced emotional distress, and has incurred attorney's fees.

26. With respect to plaintiff's claims under the ADA, plaintiff seeks the above damages as well as claims that defendant's conduct is willful or in reckless indifference to federally protected rights, thereby making available punitive damages.

## COUNT II
## DISCIPLINE AND TERMINATION
## UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

27. Plaintiff incorporates herein by reference the previous allegations of this Complaint.

28. Plaintiff is over the age of forty (40).

29. Plaintiff was disciplined and terminated based upon pretextual reasons and replaced with younger employees.

30. Defendants discriminated against Mr. Westfall by disciplining him and terminating him based upon his age.

31. As a direct result of defendant's violations of the ADEA, plaintiff lost wages, experienced emotional distress, and has incurred attorney's fees.

32. With respect to plaintiff's claims under the ADEA, plaintiff seeks the above damages as well as claims that defendant's conduct is willful or in reckless indifference to federally protected rights, thereby making available liquidated damages.

## COUNT III
## RETALIATION UNDER THE ADA AND REHABILITATION ACT

33. Plaintiff incorporates herein by reference the previous allegations of this Complaint.

34. By the acts above, the defendant has violated the ADA and Rehabilitation Act by retaliating against him for taking a medical leave of absence.

35. As a result of exercising his federally protected rights, defendant intimidated, harassed, issued reprimands and altered the terms and conditions of employment resulting in termination.

36.     The Defendant's acts of intimidation and reprimand were with malice and reckless disregard for Mr. Westfall's federally protected civil rights.  Mr. Westfall has and will continue to suffer irreparable injury and monetary damages as a result of the defendant's retaliatory practices unless and until this Court grants relief.

37.     As a direct result of defendant's violations of the ADA, plaintiff lost wages, experienced emotional distress, and has incurred attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Westfall demands (1) judgment against defendants in an amount to make him whole for all damages suffered by him as a result of defendant's violation of the ADA, Rehabilitation Act and ADEA including, but not limited to, damages for back pay and benefits, front pay, compensatory damages, punitive damages and all other damages recoverable under these statutes; (2) that this Court enjoin defendants from further discriminatory and retaliatory practices; (3) that this Court order defendants to reinstate Mr. Westfall with all seniority and benefits; (4) that this Court order Defendant to pay all attorney's fees, expert fees and other costs of litigation incurred in this action; (5) that this Court award prejudgment interest; and (6) that this Court grant all other relief entitled to under law and equity.

**A JURY TRIAL IS DEMANDED.**

      /s Michael Westfall
Michael Westfall, Pro Se

Dated:  July 23, 2021