Thomas H. Barnard
Bar No. 20982
tbarnard@bakerdonelson.com
Jennifer L. Curry
*admitted pro hac vice*
jcurry@bakerdonelson.com
Chaitra Gowda
*admitted pro hac vice*
cgowda@bakerdonelson.com
P:  410-862-1183
F:  410-547-0699

*Counsel to Defendant Association of
Universities for Research in Astronomy*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Westfall, | |
| Plaintiff, | |
| v. | Civil Action No. 4:22-cv-00161-RM |
| | Judge Rosemary Marquez |
| Association of Universities for Research in Astronomy | |
| Defendant. | **Association of Universities for Research in Astronomy's Motion to Compel Third-Party Vivian Westfall to Appear at Deposition and Sanctions for Failure to Appear** |

Defendant, Association of Universities for Research in Astronomy ("Defendant" or "AURA"), by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure 37 and 45, hereby files this Motion to Compel Third-Party Vivian Westfall to Appear at Deposition and Sanctions for Failure to Appear. In support of this Motion, Defendant states as follows.

**FACTUAL BACKGROUND**

This case centers on allegations that Defendant – the former employer of Plaintiff Michael

Westfall ("Plaintiff") – discriminated and retaliated against him in violation of the Age Discrimination in Employment Act, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973. *See* Compl. ¶ 1. As explained in Defendant's Motion to Compel, *see* ECF Nos. 57–60, Plaintiff has been playing games at Defendant's expense since his termination in July 2020. His disingenuous behavior began when he refused to vacate Defendant-paid housing in Chile for more than eight months after being terminated and his lease ending. He lived in that housing while also refusing to pay rent or utilities, while he has since admitted to having a job and earning money from another employer for almost that entire time. This trend continued as Plaintiff filed claims against the Defendant simultaneously in the U.S. and Chile, raising the same claims under the same set of facts. After resolving the Chilean claim and receiving a payment of 40,000,000 CLP, Plaintiff continues to prosecute this suit, as if he deserves more.

      Plaintiff's wasteful and time-consuming antics have plagued this lawsuit from the start. For starters, when he returned to the U.S. to live in Tennessee, Plaintiff filed his Complaint in the United States District Court for Hawaii, despite the fact that that forum has no connection to this litigation. In an attempt to follow that Court's Local Rules, counsel for Defendant spent months trying to get Plaintiff's counsel's attention about his intention to oppose a transfer or not. Each time Plaintiff's counsel did respond, it was to indicate that Plaintiff would likely agree to a transfer of venue but confirmation was never provided. After months of this back-and-forth, Plaintiff's counsel suddenly announced that Plaintiff opposed the transfer. The Court ultimately agreed with Defendant's argument and granted the motion to transfer, giving Plaintiff the option to choose Arizona or Washington, D.C. as the new the venue, and Plaintiff's counsel chose this Court.

      After this matter was transferred to this Court and a scheduling order was issued on June 23[1], Defendant immediately served discovery requests on Plaintiff on June 24. Although Plaintiff's

---

[1] All dates referenced hereafter occurred in 2022.

responses to Defendant's discovery requests were largely incomplete and untimely, as noted in Defendant's Motion to Compel at ECF Nos. 57–60 on October 28, he did identify his wife, Vivian Westfall ("Ms. Westfall"), as an individual who possesses information regarding the allegations in his Complaint. Just eight days later, on August 23, Defendant's counsel attempted to initiate discussions with Plaintiff's counsel to schedule both Plaintiff's deposition and Ms. Westfall's deposition, and inquiring specifically as to whether Plaintiff's counsel had the authority to accept service of a subpoena on her behalf and coordinate a deposition date on her behalf.  *See* E-Mail from Chaitra Gowda, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., to Gregory G. Paul, Paul Law Offices, PLLC (Aug. 23, 2022) attached as Exhibit 1.  In that same correspondence, the undersigned proposed 15 specific dates of availability for those depositions. *See id.* When a week passed without a response, or even a mere acknowledgement of receipt of the e-mail, from Plaintiff's counsel, on August 30, the undersigned sent him a second e-mail, asking whether he discussed deposition dates with Plaintiff and whether he had authority to accept a subpoena on Ms. Westfall's behalf. *See* E-Mail from Chaitra Gowda, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., to Gregory G. Paul, Paul Law Offices, PLLC (Aug. 30, 2022) attached as Exhibit 2.

Another seven days elapsed after that second e-mail, when Plaintiff's counsel finally responded on September 7, to state "Hi- yes I will coordinate dates for the deposition and get back to you. Thank you. Greg." The response was silent about his authority to schedule a deposition for Ms. Westfall or accept service of a subpoena. *See* E-Mail from Gregory G. Paul, Paul Law Offices, PLLC, to Jennifer Curry, Chaitra Gowda, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. (Sept. 7, 2022) attached as Exhibit 3. Not receiving confirmation that he had authority to accept a subpoena on Ms. Westfall's behalf and receiving <u>zero</u> dates for a deposition, Defendant's counsel prepared a subpoena to take Ms. Westfall's deposition, conducted a people search to ascertain Ms.

Westfall's place of residence, scheduled a court reporter and videographer and rented office space in Richmond, Virginia (near Ms. Westfall's residence), prepared a check pursuant to Federal Rule of Civil Procedure 45(b)(1) in the amount of $81.31, and hired a private process server to properly serve the subpoena, notice of deposition, notice of service of notice of deposition, and the check (the "Subpoena Package"). Notably, because of Plaintiff and his counsel's lack of communication, Defendant first prepared a Subpoena Package to be served at Plaintiff's and Ms. Westfall's last known address in Cleveland, Tennessee. The private process server's failed attempts to serve Ms. Westfall at this location resulted in Defendant conducting the aforementioned search and ultimately finding a new address for service. Indeed, Plaintiff's counsel was served with this initial Subpoena Package and, unsurprisingly, never acknowledged receipt of it, requested a change, or offered insight about his client and spouse's current place of residence. *See* E-Mail from Annette Smith, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., to Gregory G. Paul, Paul Law Offices, PLLC (Sept. 8, 2022) attached as Exhibit 4; ECF No. 53. Accordingly, Defendant was required to expend further time, money, and other resources on an issue that needed no expense at all.

Ultimately, the Subpoena Package was served on Plaintiff's counsel via email on September 14, and it was physically served on Ms. Westfall on September 15. *See* E-Mail from Felicia Scrivener, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., to Gregory G. Paul, Paul Law Offices, PLLC (Sept. 14, 2022) attached as Exhibit 5; ECF No. 54. In fact, *Plaintiff* himself accepted service of the subpoena on Ms. Westfall on September 15, at around 7:30 p.m. *See* Aff. of Process Server attached as Exhibit 6.

Ms. Westfall's deposition was set for October 18. However, after service of the Subpoena Package on Ms. Westfall, Plaintiff, and Plaintiff's counsel, Defendant's counsel continued to hear crickets. To ensure attendance of Plaintiff, his counsel, and Ms. Westfall, on September 27, Defendant's counsel sent an email reminder to Plaintiff's counsel about the impending October 18

deposition of Ms. Westfall. *See* E-Mail from Jennifer Curry, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., to Gregory G. Paul, Paul Law Offices, PLLC (Sept. 27, 2022), attached as Exhibit 7. This communication, like the others, went unanswered. *See* Exs. 1 and 2. In fact, Defendant's counsel has never received any written communication from Plaintiff's counsel regarding Ms. Westfall's deposition prior to the date of the deposition.

Then, on October 13, as counsel for the Parties engaged in a good faith attempt to resolve other discovery disputes, Plaintiff's counsel stated *for the first time* that *he* cannot travel to Richmond, Virginia for the October 18 deposition of Ms. Westfall. This verbal notice came just *two business days before* the scheduled deposition. Defendant's counsel explicitly stated that she was prepared only to discuss Plaintiff's written discovery deficiencies and was not in a position to answer that question during that call, as it was not the purpose of the call. Rather, the undersigned asked Plaintiff's counsel to submit his notice and request to appear remotely in writing by e-mail to all counsel of record, and that undersigned would speak with her client and respond in a timely fashion.[2] Despite, this very clear request, Defendant's counsel never received anything from Plaintiff's counsel – in writing or in any other format – related to Ms. Westfall's deposition.[3]

Accordingly, on October 18 at 5:30 a.m. EST, the undersigned – Jennifer Curry and Chaitra Gowda – began their *157-mile journey* from Baltimore, Maryland to Richmond, Virginia to take Ms. Westfall's deposition. After arriving at Planet Depos located on 411 East Franklin Street, Suite 205, Richmond, Virginia 23219 at 9:00 am EST, undersigned waited until 10:15 a.m. EST for Ms. Westfall and Plaintiff's/her counsel to appear. At this time, undersigned e-mailed Plaintiff's *and* Ms. Westfall's counsel to determine whether she planned to appear. *See* E-Mail from Chaitra

---

[2] During this phone call, Plaintiff's counsel also for the first time stated that he represents Ms. Westfall – an identified witness in Plaintiff's case.
[3] Interestingly, when on a conference call with this Court's Chambers on October 17 in relation to Plaintiff's other discovery deficiencies, Plaintiff's counsel made no representations about Ms. Westfall's deposition that was scheduled for the very next day.

Gowda, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., to Gregory G. Paul, Paul Law Offices, PLLC (Oct. 18, 2022) attached as Exhibit 8. Conveniently, Plaintiff's counsel "reminded" the undersigned that he represented Ms. Westfall and that they had no intention of appearing for her deposition. *See* E-Mail from Gregory G. Paul, Paul Law Offices, PLLC, to Jennifer Curry, Chaitra Gowda, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. (Oct. 18, 2022) attached as Exhibit 9. While Defendant's counsel does not dispute that Plaintiff's/Ms. Westfall's counsel verbally indicated on October 13 that he would not appear in person for her deposition, he never provided that information in writing as requested. He also never requested that *he* appear virtually and he never indicated that he had instructed Ms. Westfall not to appear. At approximately 10:30 a.m., undersigned went on the record and stated the above-mentioned facts and entered the Subpoena Package and email communications with Plaintiff's counsel as exhibits to the deposition transcript of Ms. Westfall and left the deposition open. *See generally* Vivian Westfall Depo.[4] Thereafter, the undersigned made their 157-mile trip back to Baltimore, Maryland.

Defendant also wants this Court to take note of Plaintiff's counsel's behavior as it relates to Plaintiff's deposition. After Defendant's counsel sent several emails to Plaintiff's counsel with proposed dates for Plaintiff's deposition (on August 23, August 30, September 27), and received no response, Defendant's counsel issued a Notice of Deposition for November 8, 2022. That Notice was served on Plaintiff's counsel on October 4. Plaintiff's counsel never responded to or acknowledged receipt of that Notice. However, during the videoconference between counsel for the Parties on October 13 Defendant's counsel reminded Plaintiff's counsel about both Ms. Westfall's deposition and Plaintiff's deposition and asked Plaintiff's counsel to put any requests for new dates and new arrangements in writing. Incredibly, Plaintiff's counsel asked why Plaintiff's

---

[4] A copy of the entirety of the deposition transcript and accompanying exhibits from Vivian Westfall's originally scheduled deposition on October 18 in Richmond, Virginia is attached as Exhibit 10.

deposition had been scheduled in Arizona, a location which he found *inconvenient*. Defendant's counsel explained that the location was chosen based on Plaintiff's counsel's indication to the Hawaii Court that Arizona would be the most convenient venue for this lawsuit, which is the reason why this case is now pending before this Court, and because Plaintiff had been unresponsive to correspondence related to the deposition for months. Again, Defendant's counsel did not receive any written request.

Then, during the October 17 call with this Court's Chambers, Plaintiff's counsel indicated that he would be requesting that Plaintiff's deposition be relocated to a location in Baltimore, Maryland or Washington, D.C., or have it done via remote means. Although Plaintiff's counsel did not follow up with Defendant's counsel to arrange for that request, Defendant's counsel emailed Plaintiff's counsel twice to indicate that they would be willing to relocate the deposition in-person to Richmond, Virginia (near Plaintiff's residence), Washington, D.C., or Baltimore, Maryland, whichever would be most convenient for Plaintiff and his counsel. Those emails were sent to Plaintiff's counsel on October 25 and October 28. It was not until October 31 that Plaintiff's counsel finally replied, just 5 business days before the scheduled deposition, to indicate that Plaintiff would not be able to appear for his deposition in-person because of his disability and, despite the amount of time he has had to do since being notified of the deposition in September, did not have any medical document to support that request. Defendant's counsel have, as a result, agreed to proceed with the November 8 deposition virtually.

## **LEGAL STANDARD**

Rule 30 authorizes a party to take the deposition of "any person," generally without the court's permission. Fed. R. Civ. P. 30(a)(1). Ideally, the discovery process should be cooperative and largely unsupervised by the courts; but, when cooperation breaks down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery. *Sali v. Corona Reg'l Med.*

*Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). "The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). If the deponent disobeys the subpoena, the district court can hold the deponent in contempt. Fed. R. Civ. P. 45(g). Rule 37(a) encompasses an order to attend a deposition. Fed. R. Civ. P. 37(a); *see SEC v. Seaboard Corp.*, 666 F.2d 414, 416 (9th Cir. 1982). Both the advisory committee notes and case law suggest that Rule 37's "requirement for an 'order' should ... include any order relating to discovery." *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 379 (9th Cir. 1988); *see* Fed. R. Civ. P. 37(b) advisory committee's note to 1970 amendment ("The scope of Rule 37(b)(2) is broadened by extending it to include any order 'to provide or permit discovery'....Various rules authorize orders for discovery.... Rule 37(b)(2) should provide comprehensively for enforcement of all these orders.").

A nonparty's attendance at a deposition generally can be compelled by a subpoena. *Jules Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). When a subpoena is disobeyed, Federal Rule of Civil Procedure 45 provides for direct contempt sanctions. *See Sali*, 884 F.3d at 1220; Fed. R. Civ. P. 37. A "court can order a party to produce its nonparty…witness at a deposition and, if the party makes no effort to ensure that its witness attends the deposition, sanction the party's counsel when the witness fails to appear unless the failure to produce the [witness] 'was substantially justified or other circumstances make an award of expenses unjust.'" *Sali*, 884 F.3d at 1220; Fed. R. Civ. P. 37(b)(2)(C).

Though Rule 37 is largely silent as to whether the court can compel a party to produce its general employees or persons over whom the party might reasonably be expected to exert influence or control, it is not entirely silent. *Sali*, 884 F.3d at 1223. Rule 37(b)(2)(B) provides for sanctions "[i]f a party fails to comply with an order under Rule 35(a) requiring it to produce another person for [physical or mental] examination." Fed. R. Civ. P. 37(b)(2)(B). Rule 35(a), in turn, authorizes the court "to order a party to produce for examination a person who is in its custody or under its

legal control." Fed. R. Civ. P. 35(a)(1). Rule 37(a)(5) requires, upon a party's successful motion to compel discovery, that the court order "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5); *see also Sali*, 884 F.3d at 1223. The Ninth Circuit has explained that this applies when motions to compel nonparties to attend depositions are filed and successful. *Pennwalt Corp. v. Durand-Wayland, Inc.* 708 F.2d 492, 494 n.4 (9th Cir. 1983).

In addition, Ninth Circuit courts have instructed parties that "if the party seeking the deposition suspects that the opposing party is the bottleneck—either directing or encouraging its witness not to appear—an order directed at the opposing party may be fruitful." *Sali*, 884 F.3d at 1225. Though the party that can demonstrate that despite its efforts, a recalcitrant nonparty witness refuses to attend an ordered deposition, that party won't incur Rule 37 sanctions. *Id.* at 1224. Regardless of potential Rule 37 sanctions against the party to the matter, a subpoena under Rule 45, in contrast, is directed at the nonparty. *Id.* It obligates the nonparty to appear at the scheduled deposition at pain of being held in contempt. *Id.* The court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

## **LEGAL ARGUMENT**

Here, it is *obvious* that both Plaintiff (and his counsel) and Plaintiff's wife, Ms. Westfall, are wholly aloof in participating in the discovery stage of litigation initiated *by Plaintiff*. Not only was Ms. Westfall properly served with a subpoena to attend her deposition and notice of the same, Plaintiff – *her husband* – accepted service *and* his counsel was notified of the deposition. Yet, neither Ms. Westfall nor Plaintiff raised concerns about or objections to the subpoena – procedurally or substantively – or filed any motion for protective order to quash or modify the

Subpoena Package pursuant to Federal Rule of Civil Procedure 45(d)(3). This is not a question of whether an objection or request for a protective order was timely; this is a circumstance where no objection or filing was ever made by anyone.

Further, Defendant's counsel provided Plaintiff's counsel every opportunity to engage in a meaningful and cooperative conversation to ensure efficiency of this necessary aspect of the discovery stage. Evidently, no one on the Plaintiff's side has taken this litigation seriously. After providing untimely and deficient discovery responses, wherein Plaintiff identified his wife as an individual with pertinent information, Plaintiff and his counsel disappeared. Critically, when Plaintiff's counsel finally responded, it was at Defendant's insistence that this Court's involvement was necessary. At this time, Plaintiff's counsel stated he not only represents Plaintiff but – for the first time five days prior to her scheduled deposition – indicated that he represents Ms. Westfall. To be clear, when informed of this representation, Plaintiff's counsel never stated that Ms. Westfall would not be attending the deposition. Even the day before Ms. Westfall's deposition, while on a conference call with this Court, Plaintiff's counsel did not mention that neither he nor his "client," Ms. Westfall, would not be attending the in-person deposition that was set to begin twenty-one hours later. As Ms. Westfall's counsel and clearly Plaintiff's spouse, Plaintiff acted as the "bottleneck" by preventing Defendant the opportunity to depose Ms. Westfall. *See Sali*, 884 F.3d at 1225.

The blatant disregard and disrespect for the judicial process, court reporter and videographer's time, undersigned's time, and Defendant's resources should not be overlooked. Plaintiff, his counsel, and his wife have engaged in repugnant conduct and this Court should hold Plaintiff and his counsel accountable and no longer tolerate this continued behavior. As such, Plaintiff, Ms. Westfall, and their counsel must be equally held in contempt and sanctioned.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully moves this Court for an order compelling Vivian Westfall to appear at a deposition on November 14, 2022 at 100 Light Street, Floor 19, Baltimore, Maryland 21202, sanction Vivian Westfall, Plaintiff Michael Westfall, and Plaintiff's counsel, Gregory G. Paul, for willfully ignoring a subpoena, award attorneys' fees and costs related to the time and expense of attending the October 18, 2022 deposition in Richmond, Virginia, and award attorneys' fees and costs related to filing this Motion. Defendant requests that this Court grant it leave to submit a detailed inventory of attorneys' fees and costs related to Plaintiff's, Plaintiff's Counsel, and Ms. Westfall's delinquent conduct pending ruling on this Motion.

Respectfully submitted,

*/s/ Thomas H. Barnard*
Thomas H. Barnard
Bar No. 20982
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
100 Light Street
19th Floor
Baltimore, Maryland 21202
P: 410-862-1183
F: 410-547-0699
E: tbarnard@bakerdonelson.com

 */s/ Jennifer L. Curry*
Jennifer L. Curry
*admitted pro hac vice*
Chaitra Gowda
*admitted pro hac vice*
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
100 Light Street
19th Floor
Baltimore, Maryland 21202
P: 410-862-1183
F: 410-547-0699
E: jcurry@bakerdonelson.com
E: cgowda@bakerdonelson.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of November 2022, the foregoing was filed and served via this Court's electronic CMF e-filing system on the following:

Gregory G. Paul
Paul Law Offices
The Presidio
1808 Wedemeyer Street
Suite 216
San Francisco, California 94129
gregpaul@paullaw.com

*Counsel for Plaintiff Michael Westfall
and Non-Party Deponent Vivian Westfall*

                                                            */s/ Jennifer L. Curry*
                                                            Jennifer L. Curry