Thomas H. Barnard
Bar No. 20982
tbarnard@bakerdonelson.com
Jennifer L. Curry
*admitted pro hac vice*
jcurry@bakerdonelson.com
Chaitra Gowda
*admitted pro hac vice*
cgowda@bakerdonelson.com
P:  410-862-1183
F:  410-547-0699

*Counsel to Defendant Association of Universities for Research in Astronomy*

Gregory G. Paul
*admitted pro hac vice*
gregpaul@paullaw.com
P: 415-326-8300
E: gregpaul@paullaw.com

*Counsel to Plaintiff Michael Westfall*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Westfall, | |
| Plaintiff, | |
| v. | Civil Action No. 4:22-cv-00161-RM<br>Judge Rosemary Marquez |
| Association of Universities for Research in Astronomy | **Stipulated Protective Order Regarding Production and Use of Confidential and Privileged Information** |
| Defendant. | |

# STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION AND USE OF CONFIDENTIAL AND PRIVILEGED INFORMATION

Michael Westfall ("Plaintiff") and the Association of Universities for Research in Astronomy, Inc. ("Defendant") (all parties of which are jointly referred to herein as the "Parties"), by and through their counsel, submit this Stipulated Protective Order Regarding Production and Use of Confidential and Privileged Information ("Protective Order" or "Order") for approval by the Court pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Arizona. The Parties agree to and shall be governed as follows:

## CONFIDENTIALITY

1. This Protective Order governs the handling of designated discovery material produced by the Parties, as well as documents and information provided by non-parties. Discovery material includes documents, interrogatory answers, responses to requests for production, responses to requests for admission, deposition testimony, and other written, recorded, or graphic matter produced by the Parties or non-parties. For purposes of this Protective Order, "Confidential Information" includes: (a) any and all trade secrets or other confidential, business, commercial or financial information of the Parties; (b) personnel files and related personnel information and documents of former and current employees of Defendants; (c) documents, materials or information that are subject to any other protective order or agreement, confidentiality order or agreement, or any other order, ruling, or agreement preventing or limiting the disclosure of those documents, materials, or information; and (d) documents, materials, or information otherwise protectable under applicable rules, statutes, or common law. In addition, any documents identifying or relating to "Protected Health Information" ("PHI") of the Parties, shall be designated as "CONFIDENTIAL" regardless of the manner in which it is disclosed to the Parties. The following information shall not be deemed or considered "Confidential Information" under

this Order: (a) information in the public domain; (b) information already known by the receiving Party through proper means; and (c) information that is or becomes available to a Party from a source (i) other than the Party asserting confidentiality and (ii) rightfully in possession of such information on a non-confidential basis.

2. The Parties are prohibited from making copies of any Confidential Information, or any portion thereof, except for use in this litigation. Confidential Information shall be held in strictest confidence, shall be kept securely, and shall be used solely for the purpose of prosecution or defense of this litigation and not for any other purpose. As used herein, the term "Disclosing Party" shall refer to the Party designating documents or information confidential or protected. The term "Non-Disclosing Party" shall refer to the Party receiving the documents or information designated as confidential or protected.

3. The Parties may designate as "CONFIDENTIAL" any document, writing, transcript, or other information produced through formal or informal discovery or otherwise in the course of this litigation, whether produced by a Party to this action or by a non-party, by stamping the word "CONFIDENTIAL" on such document. Such designation shall, without more, subject the information produced to the provisions of this Protective Order. If, subsequent to the Non-Disclosing Party's receipt of information designated "CONFIDENTIAL," it appears to the Non-Disclosing Party that the information is not of a nature to warrant the protection afforded hereunder, the Non-Disclosing Party shall have fifteen (15) days to challenge the designation (the "Designation Challenge Period") by first notifying counsel for the Disclosing Party in writing and providing the specific reasons for the challenge. A Non-Disclosing Party's failure to challenge a designation within the Designation Challenge Period will render any such challenge waived. If a designation is timely challenged, the Parties shall thereafter have thirty (30) days from the date of notice from the Non-Disclosing Party (the "Designation Agreement Period") to reach an

agreement as to the designation. If the Parties are unable to reach an agreement by the end of the Designation Agreement Period, the Disclosing Party shall have fifteen (15) days thereafter to file a motion with respect to the propriety of the disputed designation(s) and to be relieved of the obligations under this Protective Order. The burden of proving confidentiality remains with the Party asserting confidentiality. Pending a resolution by the Court, the documents and/or material in question shall continue to be treated as designated. A Disclosing Party's failure to timely file a motion by the end of the Designation Agreement Period will void the designation and render the document(s) not confidential. A Non-Disclosing Party's failure to timely respond to a Disclosing Party's motion pursuant to the Federal Rules of Civil Procedure will void the challenge to the designation and render the document(s) confidential.

4.      Portions of any transcript mentioning, quoting, or referring to Confidential Information may be designated "CONFIDENTIAL." Should either party desire to designate as "CONFIDENTIAL" any portion of a deposition transcript (whether by a Party or a non-party) referring to or mentioning Confidential Information, the party will have fifteen (15) days from receipt of the transcript in which to designate the specific pages and lines of the transcript as "CONFIDENTIAL," or they may so designate during the deposition on the record, without reference to specific pages and lines of the transcript. Until the expiration of the 15-day period of time to make "CONFIDENTIAL" designations, the entire transcript shall be treated as confidential.

5.      Confidential Information shall be made available only to "Qualified Persons" who, in addition to any applicable requirements set forth below, and with the exception of those individuals identified in subsections (a) and (d) of this paragraph, have been provided with a copy of this Protective Order and agreed to be bound by it. No other person shall have access to Confidential Information without approval of the Disclosing Party or without approval of the Court, nor shall any such other person be informed of such Confidential Information by any person

having access to it. "Qualified Persons" as used herein means: (a) counsel for the Parties, and their co-counsel, partners, associates, and employees who actually are assisting in the litigation; (b) experts and consultants retained or employed to consult with, advise, or assist counsel in the preparation or trial of this action and who agrees to be bound by this Protective Order; (c) the Parties; (d) the Court and officers of the Court in accordance with the provisions of paragraph 8; (e) any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such Confidential Information will assist the witness in recalling, relating, or explaining facts or in testifying; and (f) in accordance with the provisions of this paragraph. Deposition witnesses will not be permitted to retain copies of any Confidential Information at the conclusion of any deposition.

6. The Non-Disclosing Party shall be responsible for limiting distribution of Confidential Information to those persons who: (i) have a need to know the information; and (ii) are otherwise authorized to receive the information under this Protective Order. The Non-Disclosing Party shall be prepared to account for the disposition and use of Confidential Information by those persons. Qualified Persons who testify at a deposition and who receive Confidential Information shall be advised that they must not reveal or discuss Confidential Information to or with any person who is not a Qualified Person under this Protective Order.

7. If a Disclosing Party inadvertently produces or provides discovery of any Confidential Information, without designating such disclosed information as "CONFIDENTIAL" as provided for in this Protective Order, the Disclosing Party may give written notice to the Non-Disclosing Party that the document, thing, or other information, response, or testimony is Confidential Information and should be treated as Confidential Information in accordance with the provisions of this Protective Order. The Non-Disclosing Party must treat such documents, things, information, responses, and testimony as Confidential Information from the date such

notice is received, subject to the provisions above. Disclosure of such documents, things, information, responses, or testimony prior to receipt of such notice to persons not authorized to receive Confidential Information shall not be deemed a violation of this Protective Order; however, upon receipt of such notice, the Non-Disclosing Party promptly shall retrieve all such Confidential Information disclosed to anyone who is not entitled to access to Confidential Information under this Protective Order, and absent a challenge to the designation of such Confidential Information, destroy said Confidential Information and notify the Disclosing Party that all such Confidential Information has been retrieved and/or destroyed. Notwithstanding the failure of a Disclosing Party to designate a document or information as "CONFIDENTIAL," if any Party receiving such document or information knows or has reason to know such document or information is or contains PHI, such receiving party shall not knowingly disclose such document or information and shall treat it as if such document or information was designated as "CONFIDENTIAL."

8. To the extent that any materials subject to this Protective Order (or any pleading, motion or memorandum disclosing them) are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be redacted. Specifically, a Party may file redacted information that is designated "CONFIDENTIAL" with the Court, so long as that Party redacts any and all information from the documents filed that is considered confidential, private or sensitive, after consulting and reaching an agreement with opposing counsel as to the information to be redacted.

9. Without losing the confidentiality of any Confidential Information, any material stamped "CONFIDENTIAL" under this Protective Order may be redacted so as to eliminate the stamp before the material is shown to the jury. Confidential Information used as exhibits at trial shall otherwise be handled in accordance with the requirements and procedures of the Court. Failure

to so designate any document or thing shall not constitute a waiver of any claim outside this litigation that such document or thing contains confidential information. Prior to any trial in this case, counsel for the Parties shall endeavor to reach agreement on the handling of confidential material at that trial, so as to provide the maximum protection possible against public disclosure without in any way infringing on the rights of all Parties to present all evidence they deem necessary at such trial.

10. After the conclusion of this action, the restrictions on communications and disclosure provided for in this Protective Order shall continue to be binding upon the Parties and all other persons in paragraph 5 who are bound by this Protective Order. All Confidential Information (and any copies thereof) that was produced shall be returned, upon written request, to the Disclosing Party or destroyed within seven (7) days after the conclusion of this action or as soon as permitted by law. The Court retains jurisdiction following the conclusion of this action to enforce this Protective Order. The "conclusion of this action" means the exhaustion of available appeals in, or the settlement of, this action.

11. Should a Non-Disclosing Party become subject to a motion to disclose information designated "CONFIDENTIAL" pursuant to this Order, they shall promptly notify the Disclosing Party of the motion so that the Disclosing Party may have an opportunity to appear and be heard on whether that information should be disclosed. Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission by any Party that any particular document or information is, or is not: (a) relevant to the issues involved in this litigation; (b) properly produced or subject to production during discovery; (c) admissible in evidence at the trial of this action; (d) subject to a claim of privilege; or (e) any other recognized objection to discovery.

**PRIVILEGES**

12. <u>No Waiver by Disclosure</u>. This Protective Order is entered, *inter alia*, pursuant to Rule 502(d) of the Federal Rules of Evidence. If a Disclosing Party discloses information in connection with the Action that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding. A Disclosing Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information. The Non-Disclosing Party must—unless it contests the claim of attorney-client privilege or work product protection pursuant paragraph 13 below—within five (5) business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed. Within five (5) business days of receipt of the notification that the Disclosed Protected Information has been returned or destroyed, the Disclosing Party must produce a privilege log with respect to the Disclosed Protected Information.

13. If the Non-Disclosing Party contests the claim of attorney-client privilege or work product protection, the Non-Disclosing Party must – within ten (10) days of receipt of the claim of privilege or protection – move the Court for an order compelling disclosure of the Disclosed Protected Information ("Disclosure Motion"). The Non-Disclosing Party must seek to file the Disclosure Motion under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure, and may not disclose, rely on or refer to any of the Disclosed Protected Information. Pending resolution of the Disclosure Motion, the Non-Disclosing Party

must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

14.  Disclosed Protected Information that is sought to be reclaimed by the Parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

15.  The Disclosing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this paragraph shall limit the right of any Party to petition the Court for an in-camera review of the Disclosed Protected Information. If the Court sustains the claim that the material disclosed, exchanged, produced, or discussed is Privileged Material, the Non-Disclosing Party must, within ten (10) days of the Court's order, promptly return and/or destroy the material and all the privileged or work product-protected material. The Non-Disclosing Party shall advise the Disclosing Party in writing of the return and/or destruction.

16.  <u>Non-Disclosing Party's Obligation</u>. Nothing in this Order shall relieve counsel for any Non-Disclosing Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Disclosing Party to do so. Rather, in the event a Non-Disclosing Party becomes aware that it is in possession of what appears to be privileged documents or materials, then counsel for the Non-Disclosing Party shall immediately (i) cease any further review or use of that document or material, and (ii) notify the Disclosing Party of the apparent production of Disclosed Protected Information, requesting whether the documents or materials are Disclosed Protected Information. In the event the Disclosing Party confirms the documents or material are Disclosed Protected Information, the Non-Disclosing Party shall (i) promptly return or destroy all copies of the Disclosed Protected Information in its possession and (ii) take

reasonable steps to retrieve all copies of the Disclosed Protected Information distributed to other counsel or non-parties. If a Non-Disclosing Party learns that, by inadvertence or otherwise, it has disclosed privileged information to any person or in any circumstance not authorized under this Protective Order, the Non-Disclosing Party must immediately (1) notify in writing the Disclosing Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the privileged information, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute an agreement ensuring their compliance with the terms of this Order.

17. <u>Privilege Log Production</u>. Unless otherwise provided in this Order, any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the Disclosing Party on a privilege log, which the Disclosing Party shall produce in an electronic format that allows text searching within sixty (60) days of the production of underlying documents. For administrative purposes, an e-mail thread contained within a single document need only be recorded once on the Disclosing Party's privilege log, even if a privilege is asserted over multiple portions of the thread. Redacted documents need not be logged, provided that: (a) for emails, the bibliographic information (i.e., to, from, cc, bcc, recipients, date and time) is not redacted, and the reason for the redaction is noted on the face of the document; and (b) for non-email documents, the reason for the redaction is noted on the face of the document. Documents that are redacted shall be identified as such in a "redaction" field in the accompanying data load file.

18. In order to avoid unnecessary cost, the Parties are encouraged to identify categories of privileged information that may be logged categorically rather than document-by-document. *See* Advisory Committee Note to Fed. R. Civ. P. 26(b)(5) (1993). The Parties shall meet and confer

on this issue and raise with the Court either: (a) agreements reached with respect to documents that the Parties have agreed to log by category, or (b) proposals for logging other than document-by- document that have been proposed by one or more Disclosing Parties, but which have not been agreed to by the Non-Disclosing Parties. The Parties should keep in mind that the Court's intention is to enable the Parties to minimize the cost and resources devoted to privilege logging, while enabling the Court and Disclosing Party to assess the assertions of privilege made by the Disclosing Party.

19. The Parties agree that they will seek resolution of disputes arising under this Protective Order through the United States District Court for the District of Arizona.

20. By entering into this Order and limiting the disclosure of information in this litigation, this Court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case. Any person or Party subject to this Order who in another proceeding becomes subject to a motion to disclose another Party's information designated "CONFIDENTIAL" or privileged pursuant to this Order shall promptly notify that Party of the motion so that Party may have an opportunity to appear and be heard in the other proceeding.

21. No part of the restrictions imposed by this Protective Order may be terminated, except by a writing executed by counsel of record for all Parties or by an order of the Court.

22. Nothing herein shall be deemed to restrict any Parties or their counsel with respect to their own documents or information or documents or information received from third parties. The Parties recognize, acknowledge and agree that the failure to enforce any term of this Protective Order shall not constitute a waiver of any rights or deprive the Disclosing Party of the right to insist thereafter upon strict adherence to that or any other term of this Protective Order, nor shall a waiver of any breach of this Protective Order constitute a waiver of any preceding or succeeding breach.  No waiver of a right under any provision of this Protective Order shall be binding unless

made in writing.  Further, nothing herein shall restrict the Parties in any way from seeking stricter protections or refusing production of a document because the protections afforded hereunder are insufficient in one or more ways or from seeking to modify this Protective Order, by way of motion or otherwise, or from seeking further and/or additional protections from the Court regarding Confidential Information.

Any violation of the terms of this Protective Order shall subject the violator to sanctions as determined by the Court.  Counsel for the Parties shall not be subject to sanctions for any violation of this Protective Order, unless counsel caused or directed the violation to occur.

_____
Judge Rosemary Marquez

DATED this ____ day of December, 2022.

| | |
|---|---|
| */s/ Thomas H. Barnard*<br>Thomas H. Barnard<br>Bar No. 20982<br>BAKER, DONELSON, BEARMAN,<br>CALDWELL & BERKOWITZ, PC<br>100 Light Street<br>19th Floor<br>Baltimore, Maryland 21202<br>P:  410-862-1183<br>F:  410-547-0699<br>E: tbarnard@bakerdonelson.com | */s/ Gregory G. Paul*<br>Gregory G. Paul<br>*admitted pro hac vice*<br>PAUL LAW OFFICES<br>The Presidio<br>1808 Wedemeyer Street<br>Suite 216<br>San Francisco, California 94129<br>P: 415-326-8300<br>F: 888-822-9421<br>E: gregpaul@paullaw.com |

*/s/ Jennifer L. Curry*
Jennifer L. Curry
*admitted pro hac vice*
Chaitra Gowda
*admitted pro hac*
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
100 Light Street
19th Floor
Baltimore, Maryland 21202
P:  410-862-1183
F:  410-547-0699
E: jcurry@bakerdonelson.com
E: cgowda@bakerdonelson.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of November, 2022, the foregoing was filed and served via this Court's electronic CMF e-filing system on the following:

> Gregory G. Paul
> Paul Law Offices
> The Presidio
> 1808 Wedemeyer Street
> Suite 216
> San Francisco, California 94129
>
> *Counsel for Plaintiff Michael Westfall*

                                                      */s/ Jennifer L. Curry*
                                                      Jennifer L. Curry