Thomas H. Barnard
Bar No. 20982
tbarnard@bakerdonelson.com
Jennifer L. Curry
*admitted pro hac vice*
jcurry@bakerdonelson.com
Chaitra Gowda
*admitted pro hac vice*
cgowda@bakerdonelson.com
P: 410-862-1183
F: 410-547-0699

*Counsel to Defendant Association of
Universities for Research in Astronomy*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Westfall, <br><br> Plaintiff, <br><br> v. <br><br> Association of Universities for <br> Research in Astronomy <br><br> Defendant. | Civil Action No. 4:22-cv-00161-RM <br> Judge Rosemary Marquez <br><br><br> **Association of Universities for Research in Astronomy's Supplement to its Motions to Compel Discovery Responses and and Document Production from Michael Westfall and to Compel Vivian Westfall's Deposition and for Sanctions** |

Defendant, Association of Universities for Research in Astronomy ("Defendant" or "AURA"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 37(a), hereby files this Supplemental Motion to Compel Plaintiff Michael Westfall ("Plaintiff") to respond to Defendant's discovery requests and to Compel Third-Party Vivian Westfall's ("Ms. Westfall") to sit for a deposition and to impose sanctions. In support of this Motion, Defendant

1  states as follows.

2      Following a protracted period of Plaintiff's noncompliance with the rules and expectations

3  of discovery, and without sufficient communication from his counsel, Defendant filed a Motion to

4  Compel Discovery Responses and Document Production ("Motion to Compel Discovery

5  Responses") on November 1[1], *see* ECF No. 63, and following Plaintiff's counsel's failure to

6  produce his third party client – Ms. Westfall – for a deposition, Defendant filed a Motion to Compel

7  Third Party Vivian Westfall to Appear at Deposition and Sanctions for Failure to Appear ("Motion

8  to Compel Vivian Westfall") on November 2, *see* ECF No. 66.

9      As a result of those filings, on November 22, this Court scheduled a Status Conference, *see*

10 ECF No. 77, to be attended in-person by Plaintiff and counsel for both parties. That Status

11 Conference took place on December 1, where Plaintiff did not appear and counsel for Plaintiff

12 appeared by telephone. *See* ECF No. 87. Counsel for Defendant appeared in person. *See id.*

13     During that Status Conference, the Court and counsel for both Parties reviewed the

14 outstanding motions and the ongoing discovery disputes. Counsel for Defendant argued that all of

15 the discovery deficiencies described in its Motion to Compel Discovery Responses remained at

16 issue, but provided noteworthy examples of information and documentation that had yet to be

17 produced by Plaintiff almost six months into discovery. These deficiencies included Plaintiff's

18 failure to: (a) identify potential witnesses to his claims, including their addresses and the

19 information he believes they have; (b) produce medical records related to his alleged disability; and,

20 (c) produce a list of his medical providers, to include their specialties and addresses. Counsel

21 for Plaintiff advised the Court that, at the very least, he would supplement Plaintiff's discovery

22 responses to provide adequate information regarding witnesses and information regarding

_____

[1] All dates referred to herein are in 2022.

Plaintiff's medical providers.[2]

Additionally, counsel for Defendant argued that despite repeated requests to reschedule the deposition of Vivian Westfall (following her failure to appear for her deposition on October 18), Plaintiff's counsel had failed to provide any new dates. Counsel for Plaintiff advised the Court that he would provide dates that Ms. Westfall would be available and indicated that he would make her available before December 31.[3]

This Court did not rule on Defendant's Motions but following the Status Conference, this Court entered a Minute Entry, *see* ECF 87, noting that it would take both Motions under advisement.

The following Monday, December 5, counsel for Defendant emailed Plaintiff's counsel with a detailed list and description of the remaining discovery disputes. *See* E-Mail from Jennifer L. Curry to Gregory G. Paul (Dec. 5, 2022), attached as Ex. 1. Specifically, counsel for Defendant asked Plaintiff's counsel to, among other things: (a) provide additional and more detailed information on Plaintiff's medical providers (as previously sought in Defendant's discovery requests); (b) consider several additional dates for Plaintiff's and Ms. Westfall's depositions; and, (c) supplement the discovery requests outlined in its Motion to Compel Discovery. *See id.*

Counsel for Defendant asked that Plaintiff's counsel respond to this email and its requests by December 8. *See id.* *Plaintiff's counsel did not respond*. Counsel for Defendant then sent Plaintiff's counsel a follow-up email on December 9, which again *went unanswered*. *See* E-Mail from Jennifer L. Curry to Gregory G. Paul (Dec. 9, 2022), attached as Ex. 2. It was not until

---

[2] Hours after the Scheduling Conference, Plaintiff's counsel produced twelve Authorizations for the Release of Protected Health Information, signed by Plaintiff and dated November 1, 2022. No other information about those providers – including their specialties and the treatment they provided to Plaintiff – were included with that production.

[3] Less than an hour prior to the Scheduling Conference, Plaintiff's counsel emailed counsel for Defendant that both Plaintiff and Ms. Westfall would not be available until January 18, 2023, and requested that Defendant produce six witnesses.

December 12 that Plaintiff's counsel responded – not substantively,  but to ask for a call. *See* E-Mail from Gregory G. Paul to Jennifer L. Curry, Baker (Dec. 12, 2022), attached as Ex. 3.

A call between counsel for both parties was held on December 14. During what seemed to be a very productive call, counsel reached agreements several terms, including deadlines for Plaintiff to supplement his discovery responses (December 16) and for providing deposition dates, to guide discovery going forward. Immediately following that call, counsel for Defendant emailed the agreed-upon terms to counsel for Plaintiff to confirm their understanding. *See* E-Mail from Jennifer L. Curry to Gregory G. Paul (Dec. 14, 2022), attached as Ex. 4. Counsel for Defendant ended her email by asking that Plaintiff's counsel correct any terms that had not been accurately stated. *See id.*

*Plaintiff's counsel has not responded or communicated in any form with counsel for Defendant since that time*. Plaintiff did not supplement his discovery responses by December 16. Plaintiff's counsel has not responded to deposition dates offered for Plaintiff or Ms. Westfall. Plaintiff has not produced any additional information about his medical providers or produced his medical records. Counsel for Defendant sent follow-up emails to Plaintiff's counsel on December 19 and 20, both of which have *not received any response*. *See* E-Mail from Jennifer L. Curry to Gregory G. Paul (Dec. 19, 2022), attached as Ex. 5; E-Mail from Jennifer L. Curry  to Gregory G. Paul (Dec. 20, 2022), attached as Ex. 6.

It has now been almost *three weeks* since this Court held its Status Conference and Plaintiff has made no progress in addressing his discovery deficiencies. As of the date of this filing, Plaintiff's counsel has made no further attempt to contact counsel for Defendant. This situation has become untenable particularly in light of the discovery deadline that has been set for less than two months from now and the Court making it clear that discovery is not likely to be extended.

Defendant asks that this Court take these recent events into consideration as it continues to

consider Defendant's outstanding Motion to Compel Discovery and Motion to Compel Vivian Westfall. Defendant also continues to seek sanctions against Plaintiff and his counsel, including the time counsel spent traveling to Tucson, Arizona for the Status Conference, which Plaintiff and his counsel failed to attend in person, and the time spent since then attempting to obtain additional discovery responses from Plaintiff and his counsel.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully moves this Court for an order compelling Plaintiff to provide responses to the Discovery Requests that will cure the deficiencies described in ECF No. 63, compelling Ms. Westfall to schedule a deposition as requested in ECF No. 66, sanction Plaintiff, Ms. Westfall, and their Counsel, Greg G. Paul, for their collective continued avoidance of the judicial process and this Court's instructions stated on the record on December 1. Of note, the undersigned has attempted in good faith to resolve this matter with Plaintiff's counsel. A certificate of the undersigned's good faith efforts to resolve this matter is filed concurrently herewith.

Respectfully submitted,

*/s/ Thomas H. Barnard*
Thomas H. Barnard
Bar No. 20982
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
100 Light Street
19th Floor
Baltimore, Maryland 21202
P: 410-862-1183
F: 410-547-0699
E: tbarnard@bakerdonelson.com

_/s/ Jennifer L. Curry_

Jennifer L. Curry
*admitted pro hac vice*
Chaitra Gowda
*admitted pro hac vice*
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
100 Light Street
19th Floor
Baltimore, Maryland 21202
P:  410-862-1183
F:  410-547-0699
E: jcurry@bakerdonelson.com
E: cgowda@bakerdonelson.com

**CERTIFICATE REGARDING DISCOVERY MOTION**

Pursuant to Fed. Rule of Civil Procedure 37(a)(1) and LRCiv 7.2(j), I certify that I have engaged in a good faith effort to resolve the issues raised by the foregoing Supplement to Defendant's Motions to Compel.  Following the Court's Status Conference, I e-mailed Plaintiff's counsel on December 5 with a list of outstanding discovery issues to address.  When that email received no response, I emailed Plaintiff's counsel again on December 12. Instead of a substantive response, Plaintiff's counsel requested to schedule a video conference call. That call was held on December 14, wherein counsel for Parties conferred, discussed the numerous outstanding discovery requests, and Plaintiff's counsel agreed to provide supplemental discovery responses by December 16. I e-mailed Plaintiff's counsel on December 14 to memorialize the video conference call and confirm the list of outstanding discovery requests. Plaintiff's counsel did not respond to my December 14 email or otherwise indicate that anything in that email was incorrect.  When Plaintiff's counsel failed to respond or supplement Plaintiff's discovery responses by December 16, I emailed Plaintiff's counsel on December 19 and again on December 20 requesting a response, but those e-mails have also gone unanswered. Thus, the Parties have been unable to satisfactorily resolve this matter.


/s/ Jennifer L. Curry
Jennifer L. Curry

1

## **CERTIFICATE OF SERVICE**

2

I HEREBY CERTIFY that on this 21st day of December 2022, the foregoing was filed and

3

served via this Court's electronic CMF e-filing system on the following:

4

5
Gregory G. Paul
Paul Law Offices

6
The Presidio
1808 Wedemeyer Street

7
Suite 216
San Francisco, California 94129

8
gregpaul@paullaw.com

9
*Counsel for Plaintiff Michael Westfall*

10

11
                                                  */s/ Jennifer L. Curry*

12
                                                  Jennifer L. Curry

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28