**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Westfall, | No. CV-22-00161-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Association of Universities for Research in Astronomy, | |
| Defendant. | |

Pending before the Court are three Motions filed by Defendant Association of Universities for Research in Astronomy ("Defendant" or "AURA"): (1) Motion to Compel Discovery Responses and Document Production ("Motion to Compel") (Doc. 63); (2) Motion for Sanctions and to Compel Third-Party Vivan Westfall to Appear at Deposition ("Motion to Compel Appearance at Deposition and for Sanctions") (Doc. 66); and (3) Supplemental Motion to Compel Discovery Responses and Document Production ("Supplemental Motion") (Doc. 90). Plaintiff filed responses in opposition to the Motion to Compel (Doc. 72) and the Motion for Sanctions (Doc. 73) and a Declaration in opposition to the Supplemental Motion (Doc. 94). On November 29, 2022, the Court issued an Order extending the discovery deadline in this case to February 17, 2023. (Doc. 82.) On December 1, 2022, the Court held a status conference and took the Motions under advisement. (Doc. 87.) The Motions will be resolved as follows.

## I.     Background

Plaintiff brings this action pursuant to the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), alleging that AURA, his former employer, discriminated against him and ultimately terminated him due to his age and his disability after he took a medical leave of absence from work. (*See* Doc. 1.)[1] Plaintiff, a software engineer, worked for Defendant for approximately six years at the Gemini Observatory in La Serena, Chile, where he developed control system software for telescopes. (*Id.*) The case was originally filed in the District of Hawaii; venue was transferred to the District of Arizona on April 5, 2022. (Doc. 44.) The parties are currently engaged in discovery. (*See* Docs. 48, 82.) The Court held a status conference on December 1, 2022, at which time Plaintiff indicated that he would supplement his discovery responses with additional information about witnesses and his medical treatment and providers. (*See* Doc. 90.) Defendant alleges in its Supplemental Motion to Compel that Plaintiff has not done so. (*Id.*)

## II. Applicable Law

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). In determining proportionality, the Court must evaluate all information provided by the parties and then reach "a case-specific determination of the appropriate scope of discovery." Fed. R. Civ. P 26, advis. comm. notes to 2015 amends. The party seeking to compel discovery bears the burden of establishing that its requests satisfy relevancy requirements, and the party opposing discovery bears the burden of supporting its objections and showing why discovery

---

[1] The Equal Employment Opportunity Commission (EEOC) investigation of Plaintiff's claims concluded with a notice of dismissal and right to sue. (*See* Doc. 1-1.)

should not be allowed. *La. Pac. Corp. v. Money Market 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). "A party must make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (internal quotation omitted).

A party may serve on any other party a request for production that is within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). The responding party "has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production." *Burnett v. United States*, 2016 WL 3392263, at *6 (C.D. Cal. June 14, 2016). A party producing documents in response to a request for production must produce those records as they are kept in the normal course of business or must "organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E). This Rule is meant to "facilitate, not hinder, the usefulness of the information produced" and to "prevent a party from obscuring the significance of documents by giving some structure to the production." *F.D.I.C. v. Appleton*, 2012 WL 10245383, at *3 (C.D. Cal. Nov. 29, 2012) (internal citation omitted). This Rule serves "to prevent a party from doing . . . the proverbial unorganized 'document dump.'" *Shuster v. Shuster*, 2017 WL 3530602, at *3 (D. Ariz. Aug. 16, 2017). Where a party or the court is unable to "discern exactly which documents go to which requests because [a party] has not organized and labeled his production," the problem must be remedied. *Id*.

Under Federal Rule of Civil Procedure 33, a party may propound interrogatories that relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2). In response to a properly served interrogatory, a responding party is obligated to provide a full and complete response under oath thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2)-(3). "If the answer to an interrogatory may be determined by examining . . . a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for

either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d).

"When answering interrogatories, a party is charged with knowledge of what is in records available to it. Though there are limits on the extent to which a party can be required to hunt out information in order to answer interrogatories, it will be required to provide facts available to it without undue labor and expense. If a party is unable to provide the requested information, it must describe under oath the efforts it undertook." *Pellerin v. Wagner*, No. 2:14-CV-02318 JWS, 2016 WL 950792, at *3 (D. Ariz. Mar. 14, 2016).

"Rule 33(b)(4) requires that the grounds for objecting to an interrogatory must be stated with specificity and cautions that any ground not stated in a timely objection is waived, unless the court, for good cause, excuses the failure." *Blemaster v. Sabo*, No. 2:16-CV-04557 JWS, 2017 WL 4843241, at *4 (D. Ariz. Oct. 25, 2017). "Similarly, Rule 34(b)(2)(B) requires that for each item or category, an objecting party must state with specificity the grounds for objecting to the request, including the reasons." *Id*. Boilerplate objections are insufficient and tantamount to no objection. *Id*.

### III.   Motion to Compel

Defendant's Motion to Compel contends that Plaintiff has not complied with the Federal Rules regarding discovery and seeks amended or complete responses to the following interrogatories and Requests for Production (RFPs). For ease of reference, the Court will list and resolve each individual discovery dispute below.

### A. Disputed Interrogatories

(1) Interrogatory No. 1:

> Identify all persons who have knowledge of any matter concerning, relating or referring to the allegations in, or the subject matter of, your Complaint, and identify and describe

in detail the nature and substance of each such person's knowledge.

Defendant contends that Plaintiff's Response is insufficient because it fails to provide information regarding the nature and substance of each person's knowledge of the claims. (Doc. 63-1 at 3-6.) Defendant further contends that the contact information provided for Henry Roe, Tiffany Shreves, Alison Peck, and Macrina Greve is inaccurate.

The Court agrees with Defendant. Plaintiff's Supplemental Response contains minimal information and does not explain each person's knowledge of Plaintiff's claims, except for a brief sentence stating their position and relationship to Plaintiff. The Response should include at least one sentence of information regarding each individual's knowledge of the claims. Furthermore, Plaintiff must provide correct contact information for Henry Roe, Tiffany Shreves, Alison Peck, and Macrina Greve. The Motion will be **granted** as to Interrogatory No. 1.

(2) Interrogatory No. 2:

> Identify and describe in detail each and every communication, whether written, recorded, electronic, or oral, that you claim constitutes an admission by or attributable to AURA. Your response should include, but not be limited to, identifying for each such communication, the date and place of the communication, the form of the communication, the parties to the communication, all witnesses to the communication, and the substance of the communication, in as verbatim a form as possible.

Defendant contends that Plaintiff's Response is insufficient because it refers only to the documents provided in the EEOC file and does not identify any specific communications, including oral communications, between Plaintiff and Defendant. (Doc. 63-1 at 7.) The Court agrees with Defendant. There is no indication that the EEOC file contains communications that Plaintiff intends to attribute to AURA as admissions, nor is there an indication that Plaintiff identified the specific communications requested in the Interrogatory. To the extent that any such communications exist, Plaintiff must supplement his Response to include any relevant communications that he recalls,

including oral communications that are not preserved or recorded in the EEOC file or any other documents. The Motion will be **granted** as to Interrogatory No. 2.

(3) <u>Interrogatory No. 3</u>:

> Identify and describe in detail each and every communication, whether written, recorded, electronic, or oral, you have had with any state, local or federal agency with respect to any claims or allegations you have made against AURA. Your response should include, but not be limited to, identifying for each such communication, the date and place of the communication, the form of the communication, the parties to the communication, all witnesses to the communication, the form of the communication, and the substance of the communication, in as verbatim a form as possible.

Defendant contends that Plaintiff's Response is insufficient because it refers only to the documents provided in the EEOC file and does not identify any specific communications, including oral communications, between Plaintiff and any government agency. (*Id*. at 8.) If Plaintiff is aware of any oral communications with any government agency that are not included in the EEOC file, he must include those in his Response. If the EEOC adequately captures every relevant communication with a government agency, then Plaintiff's Response is sufficient. Accordingly, the Motion will be **granted** as to Interrogatory No. 3, only **to the extent** of any undisclosed communications between Plaintiff and any government agency that are not included in the EEOC file.

(4) <u>Interrogatory No. 5</u>:

> Identify and describe in detail each and every communication, whether written, recorded or oral, you have had with any person other than AURA, or any of its current or former officers, employees, agents, or representatives, concerning, relating or referring to the allegations in or the subject matter of your Complaint.

Defendant contends that Plaintiff's Response is insufficient because it refers only to communications with the EEOC and the tribunal in Chile. (*Id*. at 9.) To the extent that Plaintiff engaged in any communications with third parties that were not disclosed in the previous two interrogatories, he must disclose them, applicable privileges

notwithstanding. This disclosure must include any relevant communications with the individuals identified in the Response to Interrogatory No. 1.[2] The Motion will be **granted** as to Interrogatory No. 5 to the extent set forth herein.

(5) <u>Interrogatory No. 6</u>:

> Identify all grievances, claims, demand letters, complaints, lawsuits, administrative claims, including insurance claims, bankruptcy petitions, and criminal complaints that have ever been sent, made, or filed by you or against you within the past ten (10) years. Your answer should include the name of the person or entity against whom you made such a claim or from whom made such a claim against you, the date the claim was made, the jurisdiction or venue in which you made the claim or the claim was made against you, and a detailed description of the claim.

Defendant contends that Plaintiff's Response is insufficient because it fails to "identify" any relevant grievances. (*Id.* at 10.) However, Plaintiff identified the claim he filed with the EEOC and has produced the file from that investigation, and states that he has not filed any other grievances that would be responsive to the Interrogatory. (Doc. 72 at 4.) To the extent that Plaintiff has no further responsive information, the Motion will be **denied** as to Interrogatory No. 6.

(6) <u>Interrogatory No. 7</u>:

> Identify each person or entity (other than AURA) by whom you were employed or for whom you performed services for the ten (10) years prior to your employment with AURA, and describe in detail your employment by each such identified person or entity, including, but not limited to, the position(s) held, the date(s) each position was held, the compensation (including salary, bonuses, and fringe benefits) received by you, including the date and amount of any raises, the identity and title of the individual(s) to whom you reported, and the

---

[2] The Court notes that Interrogatory No. 5 seeks disclosure of communications with any person *other than* AURA or its officers, employees, agents, or representatives. Thus, it appears that the Response need not include communications with those individuals who are current or former officers, employees, agents, or representatives of AURA. To the extent any ambiguity or confusion exists, the parties shall attempt to resolve it between themselves before involving the Court.

date(s) and reason(s) your employment with each person or
entity ended, if applicable.

Plaintiff objected to the Interrogatory as irrelevant and overbroad, and provided a
Supplemental Response identifying and describing his former employment as a software
engineer at Los Alamos National Laboratory. (Doc. 63-1 at 11-13.) Defendant contends
that the relevancy and overbroad objections are too vague to meet Rule 33(b)(4)'s
specificity requirement. (*Id.*) Defendant further contends that, in addition to the
information he has provided regarding his former employment, Plaintiff must disclose the
identity and title of the individual(s) to whom he reported. (*Id.*) Defendant contends that
courts have found prior employment records relevant and discoverable for reasons related
to credibility, ability to find other work, and potential damages and mitigation. (*Id.*)
Plaintiff responds that he has responded to the Interrogatory with the level of specificity
he can recall and states that Defendant has issued subpoenas regarding his prior
employment. (Doc. 72 at 4.)

The Court agrees with Plaintiff. Plaintiff responded by identifying his former
employer, where he worked for twelve years, his prior salary and experience, and the
reason he left—to work for AURA in Chile. While Plaintiff's prior experience and salary
may be relevant to his credibility and potential damages, Defendant has not shown how
the identity and title of Plaintiff's former supervisor is relevant to this litigation.
Furthermore, Defendant has apparently issued subpoenas to obtain information regarding
Plaintiff's former employment. The Motion will be **denied** as to Interrogatory No. 7.

(7) Interrogatory No. 9:

Identify each person or entity by whom you have been
employed or for whom you performed services since the
termination of your employment with AURA, and describe in
detail your employment by each identified person or entity,
including, but not limited to, the position(s) held, the dates
each position was held, the compensation (including salary,
bonuses and fringe benefits) received by you, including the
date and amount of any raises, the identity and title of the
individual(s) to whom you reported, and the date and reason

> your employment with each person or entity ended, if applicable.

Plaintiff objected to this Interrogatory as irrelevant, as he is not claiming lost wages, and indicates that he will seek a protective order to prevent Defendant from interfering with his current employment. (Doc. 63-1 at 14-15.) Notwithstanding his objection, Plaintiff provides his current employer and current salary. (*Id.*) Defendant contends that Plaintiff's response is insufficient because his Complaint lists lost wages as damages and because Plaintiff received "fringe benefits," including free housing, from Defendant. (*Id.*) However, the Court agrees with Plaintiff that his answer is sufficient, as he lists his current salary and benefits. Furthermore, it appears that Plaintiff has provided all responsive information in his possession. The Motion will be **denied** as to Interrogatory No. 9.

(8) <u>Interrogatory No. 10</u>:

> Describe in detail all efforts by you to obtain any other employment and/or other work or compensable services since your employment with AURA ended, including, but not limited to, the identity and address of any employer, employment agency, or other person that you contacted or that contacted you regarding potential employment and/or other work or compensable services, the nature and the date of each such contact, the nature of the employment and/or other work or compensable services sought in each such contact, (including the position and compensation) the substance of all communications regarding potential employment and/or other work or compensable services and the results of each such contact, including whether a job offer was extended, a description of the offer, including the date the offer was extended and the position and compensation offered, and the reason(s) why you declined such offer.

Plaintiff objected to this Interrogatory as irrelevant and infringing on his privacy and indicates that he is not seeking lost wages. (*Id.* at 16-17.) Plaintiff states that he applied to approximately ten jobs and was offered a position with Argonne National Laboratory after accepting his current position with Associated Universities, Inc. (*Id.*) However, Plaintiff does not include the additional eight jobs to which he applied. (*Id.*)

Plaintiff contends, as above, that he is not claiming lost wages as he is earning approximately the same salary as he was while working for Defendant. (*Id.*) However, Plaintiff has not amended his Complaint to remove the claim for lost wages. Furthermore, such information may be relevant to Defendant's arguments regarding mitigation of damages. Accordingly, the Motion will be **granted** as to Interrogatory No. 10.

(9) Interrogatory No. 11:

> Describe in detail all income or other earnings, including, but not limited to, all salaries, bonuses, and fringe benefits, which you have been offered, been promised, or received from any and all sources, including, but not limited to, AURA, from the start of your employment with AURA until the present, and state the precise amount, date, nature and source of all such income or earnings.

Plaintiff objected to the Interrogatory as irrelevant and infringing on his privacy and indicates that he is not seeking lost wages, though, as stated above, he has not amended his Complaint to that effect. (*Id.* at 18.) The parties' objections and contentions on this point are identical to the previous two interrogatories. Plaintiff has not amended his Complaint to remove the claim for lost wages and the requested information may be relevant to Defendant's arguments regarding damages and mitigation of damages. Plaintiff further states that Defendant has access to his compensation during his employment with AURA through his payroll records. (*Id.*) However, Plaintiff likewise has access to this information, and it appears that it may be relevant to his claims. Since this information is within Plaintiff's control, it is discoverable. Accordingly, the Motion will be **granted** as to Interrogatory No. 11.

(10) Interrogatory No. 12:

> If you have been examined by, treated by, diagnosed by or have otherwise consulted with any physician, psychologist, psychiatrist, hospital, nurse, counselor, social worker, therapist or other health care provider for a reason arising out of, or related in any way to, your employment with AURA or any of the conduct alleged in your Complaint, then identify each such health care provider. For each such health care provider, describe in detail your contact and communication

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> with the health care provider, including the dates of each consultation, a description of any complaint, examination results, disability slips, diagnosis, treatment, prescription, medication and prognosis for each such consultation, and the identity of each report, note or other document generated as a result of such consultation, contact or communication.

Plaintiff objected to this Interrogatory as overbroad, irrelevant, and infringing on his privacy. (*Id*. at 19-21.) His objection notwithstanding, Plaintiff provided limited information about his medical condition and treatment, and states that he has requested treatment records and billing statements, has signed an authorization for the release of medical records, and will sign authorizations for each provider for Defendant to subpoena. (*Id*.) Defendant contends that this response is inadequate because document production does not excuse Plaintiff's obligation to answer the Interrogatory, it strains credulity to assume that Plaintiff has not seen a physician in the United States, and Defendant needs the requested information to identify the underpinnings of Plaintiff's emotional distress and damages claims. (*Id*.) The Court agrees with Defendant that Plaintiff's response is deficient.[3] This is a case alleging discrimination based on disability and therefore Plaintiff's health condition related to his disability is highly relevant. Plaintiff shall supplement his response with complete information regarding his relevant medical treatment(s) once he receives the requested records. The Motion will be **granted** as to Interrogatory No. 12.

(11) Interrogatory No. 13:

> With respect to each category of damages sought in this action, separately state and itemize the precise amount of damages claimed to have been suffered by you, and describe in detail the factual basis and method of computation used to determine that amount, and identify all documents that support, were relied upon, or otherwise relate to such computation.

Plaintiff objected to the Interrogatory as overly broad, unduly burdensome, and on the basis of the work product doctrine. (*Id*. at 22-23.) His objection notwithstanding,

---

[3] The Court was not able to view the redacted portion of the Response.

Plaintiff states that he is seeking the maximum recovery for compensatory, liquidated, and punitive damages, is seeking an award of front pay and back pay and intends to supplement his response with an expert report. (*Id.*) Plaintiff further states that his claim for compensatory damages will be supported by his medical treatment records and his testimony. (*Id.*) Defendant contends that the response is inadequate because Plaintiff has not identified any documents supporting his computations for his damages claims. (*Id.*) Defendant further seeks clarification on Plaintiff's claim for back pay, which he previously stated he had abandoned. (*Id.*) The Court agrees with Defendant and will order Plaintiff to clarify his damages claims, including whether he is seeking back pay, and to provide the factual basis for his damages computations, including any supporting documents. The Motion will be **granted** as to Interrogatory No. 13.

(12) <u>Interrogatory No. 14</u>:

> Describe in detail any and all performance counseling or disciplinary actions you received during the course of your employment at AURA. Your answer should include, but not be limited to, any informal counseling (verbal or written) you received from a supervisor, performance improvement plans, disciplinary actions, etc.

Plaintiff responded to the Interrogatory by providing a summary description of his performance reviews while employed at AURA and citing to his personnel file in Defendant's possession pursuant to Fed. R. Civ. P. 33(d). (*Id.* at 24-25.) Defendant contends this response is insufficient because the document production cited by Plaintiff is incomplete and does not describe his performance counseling or disciplinary actions. (*Id.*) The Court finds that Plaintiff's response adequately describes the performance reviews and disciplinary actions he received while employed at AURA. However, while it appears that disclosure is likely sufficient under Fed. R. Civ. P. 33(d), it does not comply with Fed. R. Civ. P. 34(b)(2)(E) insofar as Plaintiff does not identify specific responsive documents within his personnel file. Accordingly, the Motion will be **granted** as to Interrogatory No. 14 to the extent that Plaintiff's disclosure must comply with Rule 34(b)(2)(E).

(13) <u>Interrogatory No. 15</u>:

> From the date you began working at AURA, until your last
> date of work at AURA, describe in detail your job
> assignment, including a description of your duties and
> responsibilities, to whom you reported, the location and area
> in which you worked, and the salary and other compensation
> and benefits that you received.

Plaintiff responded to the Interrogatory by providing a description of his duties and other details of his employment with AURA, as well as referring to his personnel file pursuant to Fed. R. Civ. P. 33(d). (*Id.* at 26.) Defendant contends this response is insufficient because the production is incomplete and does not explain Plaintiff's duties and responsibilities. (*Id.*) However, Plaintiff's supplemental response provides that information. Furthermore, his personnel file presumably contains all relevant details regarding his employment with AURA, although, as discussed above, he must identify the specific documents responsive to the Interrogatory pursuant to Rule 34(b)(2)(E). The Motion will be **granted** as to Interrogatory No. 15 to the extent that Plaintiff must identify particular documents within the personnel file pursuant to Rule 34(b)(2)(E) and is otherwise **denied**.

(14) <u>Interrogatory No. 16</u>:

> Describe in detail the basis for your allegation that AURA's
> attitude towards you changed in December 2019, including
> that you were singled out and subjected to "harsher
> criticism," as you allege in Paragraph 13 of your Complaint.
> Your answer should include, but not be limited to, your
> definition of "attitude" and "criticism", an explanation for
> how it "changed", and an explanation for how allegedly
> AURA's change in attitude resulted in harsher criticism.

Plaintiff responded to the Interrogatory by outlining in detail the adverse actions taken against him beginning in approximately early 2020 which ultimately led to his termination. (*Id.* at 27-29.) Plaintiff's response is sufficient, and the Motion will be **denied** as to Interrogatory No. 16.

(15) <u>Interrogatory No. 17</u>:

> Identify all the new employees in their 20s and 30s that you allege AURA hired during the sixty-day period beginning March 25, 2020, and describe in detail the basis for your allegation that these individuals were hired to perform the same duties as you, as you allege in Paragraph 17 of your Complaint. Your answer should include, but not be limited to, the name of each individual, their age (as you estimate), the date they were hired, who you believe hired them, and why you believe they were hired to do your work. Additionally, your definition of "little relevant experience" and "pre-ordained", the names of the individual(s), the date each individual was hired including any details that provided you the belief that these individuals had little relevant experience.

Plaintiff responded to the Interrogatory by providing the names and approximate hiring dates of three individuals whom he alleges were hired by AURA "within weeks of his termination." (*Id.* at 30-31.) Plaintiff refers to their personnel file for any additional information and does not include the individuals' ages or who hired them, or his definitions of the terms "little relevant experience" or "pre-ordained" as used in his Complaint. Plaintiff shall supplement his response with this missing information and may not refer to external documents without identifying specific pages, pursuant to Rule 34(b)(2)(E). The Motion will be **granted** as to Interrogatory No. 17.

(16) Interrogatory No. 18:

> Describe the work that you were performing at AURA beginning March 25, 2020, that you allege others were hired to perform, when that work was reassigned, and who reassigned that work. Your answer should include a detailed description of each assignment, when such work was reassigned, to whom it was reassigned, and by whom it was reassigned.

Plaintiff responded to the Interrogatory by citing the documents in his EEOC file pursuant to Fed. R. Civ. P. 33(d) and explaining that Mr. Nunez assigned work to him and his coworkers, which he performed in accordance with his duties of software development for telescope control systems. (*Id.* at 32.) Plaintiff's response does not include any information about which parts of his work were reassigned to others or to

whom it was reassigned. Plaintiff shall supplement his response to provide that information. The Motion will be **granted** as to Interrogatory No. 18.

(17) <u>Interrogatory No. 19</u>:

> Describe in detail your explanation for why you were unable to complete the tasks assigned to you on March 25, 2020, as a result of the COVID-19 pandemic. Your answer should include, but not be limited to, the task assigned to you, the deadline for completing the task, and any and all reasons why you were unable to complete that task by the assigned deadline.

Plaintiff provided a lengthy, detailed response to this Interrogatory. (*Id.* at 33-36.) The Motion will be **denied** as to Interrogatory No. 19.

(18) <u>Interrogatory No. 20</u>:

> Describe in detail the basis for your allegations that you were terminated as a result of your age, as you allege in Paragraph 19 of your Complaint. Your answer should include, but not be limited to, (1) any statements made about your age, who made those statements, when, and in what context; and (2) any actions taken by AURA prior to your termination that you allege were based on your age.

Plaintiff responded by describing the alleged adverse actions that AURA took against him before terminating him but does not explicitly address the requests for (1) statements about his age and their context and (2) AURA's actions that he alleges were based on his age. (*Id.* at 37-39.) Plaintiff must supplement his response to directly address those two requests, even if he does not or cannot identify any such statements or actions. The Motion will be **granted** as to Interrogatory No. 20.

(19) <u>Interrogatory No. 21</u>:

> Describe in detail your allegation that you have a disability as that term is defined by the Americans with Disabilities Act ("ADA"). Your answer should include, but not be limited to, a description of your disability, when you first developed said medical condition, and all treatment you have received for that condition from the time you were employed by AURA to present.

Plaintiff objected to this Interrogatory as calling for a legal conclusion, which the Court finds unavailing in this context. Plaintiff responded by stating that he has diabetes, which is a medical condition that substantially limits one or more life activities, and that he contracted a severe foot infection as a result. (*Id*. at 40-41.) The Court finds this response inadequate to allow Defendant to defend against Plaintiff's claim that he was terminated based on a disability within the meaning of the ADA.[4] Plaintiff shall supplement his response to include all relevant information he possesses related to his alleged disability and his claims. The Motion will be **granted** as to Interrogatory No. 21.

(20) <u>Interrogatory No. 22</u>:

> Describe in detail the basis for your allegations that you were terminated as a result of the disability you described in your answer to Interrogatory No. 19. Your answer should include, but not be limited to, (1) when you first notified AURA about your disability and whom you notified; (2) any statements made about your disability, who made those statements, when, and in what context; and (3) any actions taken by AURA prior to your termination that you allege were based on your disability.

Plaintiff responded to this Interrogatory by referring to his EEOC file and personnel file pursuant to Fed. R. Civ. P. 33(d), and by explaining that his wife, Vivian Westfall, discussed his disability with Evelyn Cortes, human resources specialist at AURA, in 2014 while requesting assistance with scheduling medical appointment for Plaintiff. (*Id*. at 42-43.) He further states that his disability was "common knowledge" and that he discussed it with multiple other individuals at AURA. (*Id*.) Defendant contends the response is inadequate because it fails to provide sufficient context and detail. (*Id*.) To the extent that Plaintiff has any additional information regarding his communications with AURA about his disability or any actions taken by AURA prior to his termination that he alleges were based on his disability, he must disclose that information. Otherwise, the Motion will be **denied** as to Interrogatory No. 22.

(21) <u>Interrogatory No. 23</u>:

---

[4] A portion of the response is redacted and the Court is unable to review it.

> Describe any and all communications you had with anyone at AURA regarding AURA's actions as they are alleged in your Complaint. Your answer should include the full name, address, and telephone number of each individual in which you engaged in such communication; the date(s) of each such communication; a detailed description of each communication; the method(s) of each communication (i.e., in-person, telephone call, e-mail); and the purpose of each communication.

Plaintiff objects to this Interrogatory as overbroad but responds stating that he "recalls communications concerning his work duties, health including diabetes, the global pandemic, and the living and working conditions in Chile." (*Id*. at 44-45.) He further refers to his EEOC file and personnel file. (*Id*.) Defendant contends that this response is inadequate because the production contains only limited documents, the 17 individuals who Plaintiff references in his response to Interrogatory No. 1 supposedly have discoverable information but no specific communications with them have been disclosed, and Plaintiff fails to provide details regarding the communications referred to in his response. (*Id*.) Plaintiff's response states that he communicated with AURA but does not identify specific communications relating to AURA's actions as they are alleged in the Complaint. Plaintiff's communications with individuals at AURA regarding its actions as alleged in the Complaint are relevant and discoverable, and to the extent that he has not disclosed any of those communications, the Motion will be **granted** as to Interrogatory No. 23.

(22) Interrogatory No. 24:

> Identify all documents (including ESI) that support or otherwise relate to your claims that AURA, or any employee or agent thereof, harassed or discriminated against you based upon your age and/or health, and provide a complete description of each such document, including the document's date, author, addressee, type (e.g., letter, memorandum, note, email, chart, etc.), source, and name and address of its source or present custodian.

Plaintiff responds that his responses to Defendant's Requests for Production of Documents, as well as his personnel file, encompass this request. (*Id*. at 46.) This response refers generally to the documents Plaintiff has produced in discovery but fails to identify which of those documents relate to his claims of harassment and/or discrimination or describe each such document pursuant to Rule 34(b)(2)(E). The Motion will be **granted** as to Interrogatory No. 24.

**B. Disputed Requests for Production (RFPs)**

(1) <u>RFP No. 1</u>:

> All documents which embody, concern, relate, refer, reflect or pertain in any way to AURA. Your response should include, but not be limited to, documents showing positions you held, dates and hours worked, salary, wages and other compensation you received, benefits you received, duties you performed, evaluations, criticisms or positive assessments of your performance, assessments of your qualifications, discipline you received, absences from work, the reporting of absences from work, any written reprimands or warnings or suspensions received by you and any employee manuals, handbooks, policies, or information provided to you, as well as any notes, logs (including time logs or absence logs), tape recordings, calendars, e-mails, or diaries which relate or refer to any meetings, discussions, or conversations held between you and any of AURA's current or former officers, management, supervisors, agents or employees.

Plaintiff produced documents in response to this request, but Defendant contends that "neither the written response nor the Production indicate which documents are responsive to the request" and that this failure violates Rule 34(b)'s requirement to organize and label documents to correspond to categories in a request. (Doc. 63-2 at 3-4.) The Court agrees with Defendant that Plaintiff's response plainly fails to comply with Rule 34(b)(2)(E) and Plaintiff shall supplement his response to do so. The Motion will be **granted** as to RFP No. 1.

(2) <u>RFP No. 2</u>:

> All documents which embody, concern, relate, refer, reflect or pertain in any way to correspondence or other oral or

- 18 -

> written communications by, to or with any of AURA's current or former officers, management, supervisors, representatives, employees, or agents concerning AURA, any allegation contained in the Complaint, or otherwise relating to this action.

Plaintiff produced documents in response to this request, but Defendant contends that "neither the written response nor the Production indicate which documents are responsive to the request" and that this failure violates Rule 34(b)'s requirement to organize and label documents to correspond to categories in a request. (*Id.* at 5-6.) The Court agrees with Defendant that Plaintiff's response plainly fails to comply with Rule 34(b)(2)(E) and Plaintiff shall supplement his response to do so. The Motion will be **granted** as to RFP No. 2.

(3) <u>RFP No. 3</u>:

> All documents which embody, concern, relate, refer, reflect or pertain in any way to correspondence or other communications by, to or with any person other than any of AURA's officers, management, supervisors, representatives, agents and employees that in any way concern, relate or refer to the allegations in or the subject matter of your Complaint.

Plaintiff objected to this RFP as overbroad and based on attorney work product. (*Id.* at 7-8.) Notwithstanding the objection, Plaintiff refers to documents he has produced but does not identify the specific documents responsive to the request. Accordingly, Plaintiff's response does not comply with Rule 34(b)(2)(E), and he shall supplement it to do so. Furthermore, Plaintiff's objections are not sufficiently developed to comply with Rule 34(b)(2)(B) because he does not explain them with specificity and reasoning. The Motion will be **granted** as to RFP No. 3.

(4) <u>RFP No. 4</u>:

> All documents which embody, concern, relate, refer, reflect or pertain in any way to any oral or written statement of a witness or witnesses to any or all of the incidents, occurrences, or allegations of your Complaint, whether your own statement or that of another person.

Plaintiff objected to this RFP as overbroad and based on attorney work product. (*Id*. at 9-10.) Notwithstanding the objection, Plaintiff refers to documents he has produced but does not identify the specific documents responsive to the request. Accordingly, Plaintiff's response does not comply with Rule 34(b)(2)(E), and he shall supplement it to do so. Furthermore, Plaintiff's objections are not sufficiently developed to comply with Rule 34(b)(2)(B) because he does not explain them with specificity and reasoning. The Motion will be **granted** as to RFP No. 4.

(5) <u>RFP No. 5</u>:

> All documents which embody, concern, relate, refer, reflect or pertain in any way to any meetings, discussions, or conversations concerning, relating or referring to the events about which you allege in your Complaint.

Plaintiff objected to this RFP as overbroad and based on attorney work product. (*Id*. at 11-12.) Notwithstanding the objection, Plaintiff refers to documents he has produced but does not identify the specific documents responsive to the request. Accordingly, Plaintiff's response does not comply with Rule 34(b)(2)(E), and he shall supplement it to do so. Furthermore, Plaintiff's objections are not sufficiently developed to comply with Rule 34(b)(2)(B) because he does not explain them with specificity and reasoning. The Motion will be **granted** as to RFP No. 5.

(6) <u>RFP No. 6</u>:

> All documents which embody, concern, relate, refer, reflect, evidence, show, prove, substantiate or pertain in any way to your claims as alleged throughout your Complaint. Your response should include, but not be limited to, any documents which evidence such discrimination, harassment, and/or retaliation and any notes, logs, calendars, e- mails, or diaries maintained or kept by you regarding such discrimination, harassment, and/or retaliation. Your response should also include, but not be limited to, any documents which embody, concern, relate, refer, reflect or pertain in any way to any contention that you were treated differently than any person(s) who was similarly situated to you.

Plaintiff objected to this RFP as overbroad and based on attorney work product. (*Id*. at 13-14.) Notwithstanding the objection, Plaintiff refers to documents he has produced but does not identify the specific documents responsive to the request. Accordingly, Plaintiff's response does not comply with Rule 34(b)(2)(E), and he shall supplement it to do so. Furthermore, Plaintiff's objections are not sufficiently developed to comply with Rule 34(b)(2)(B) because he does not explain them with specificity and reasoning. The Motion will be **granted** as to RFP No. 6.

(7) RFP No. 8:

> All documents which embody, concern, relate, refer, reflect, or pertain in any way to treatment you received for the medical condition you allege is a disability pursuant to the Americans with Disabilities Act pursuant to Paragraph 10 of your Complaint, from 2014 to present. Your response should include, but not be limited to, all documents relating to the dates, times and nature of each consultation with each health care provider; all documents relating to the dates, times and nature of all telephone conversations with each health care provider, including, but not limited to, all telephone records concerning telephone calls to each health care provider; all documents relating to all correspondence to or from each health care provider, including, but not limited to, any correspondence regarding referrals to other health care providers; all documents relating to any treatment, examination, diagnosis, or prognosis, including, but not limited to, any prescriptions, notes, reports or summaries of any health care provider concerning you. An authorization, enabling AURA to obtain records from any health care professional, physician, psychologist, psychiatrist, counselor, social worker or mental health practitioner, from whom you have sought or obtained treatment, advice or other professional services is attached as Exhibit A.

Plaintiff produced documents in response to this request, but Defendant contends that "neither the written response nor the Production indicate which documents are responsive to the request" and that this failure violates Rule 34(b)'s requirement to organize and label documents to correspond to categories in a request. (*Id*. at 15-16.) Defendant further contends that Plaintiff has not produced any medical records, has not

identified physicians from whom it can request documents, and has not executed a HIPAA release authorization. (*Id.*) Plaintiff states that he has agreed to provide a HIPAA authorization, but Defendant seems to dispute whether he has in fact done so. (*See* Docs. 72 at 5, 90, 94.)[5]  The Court agrees with Defendant that Plaintiff's response plainly fails to comply with Rule 34(b)(2)(E) and Plaintiff shall supplement his response to do so. Furthermore, to the extent that Plaintiff has not produced medical records, physician information, or HIPAA authorizations, he must do so. The Motion will be **granted** as to RFP No. 8.

(8) RFP No. 10:

> All documents which embody, concern, relate, refer, reflect or pertain in any way to any actions, measures, protests, objections, allegations or complaints you made about the alleged unlawful employment practices set forth in your Complaint.

Plaintiff objected to this RFP as overbroad and based on attorney work product. (*Id.* at 17-18.) Notwithstanding the objection, Plaintiff refers to documents he has produced but does not identify the specific documents responsive to the request. Accordingly, Plaintiff's response does not comply with Rule 34(b)(2)(E), and he shall supplement it to do so. Furthermore, Plaintiff's objections are not sufficiently developed to comply with Rule 34(b)(2)(B) because he does not explain them with specificity and reasoning. The Motion will be **granted** as to RFP No. 10.

(9) RFP No. 11:

> All documents which embody, concern, relate, refer, reflect or pertain in any way to any grievances, demand letters, lawsuits, complaints, bankruptcy petitions, charges, claims, or other legal actions, including, but not limited to, any claims for loss of income, any workers' compensation claims, unemployment compensation claims, disability benefits claims (including, but not limited to, Social Security disability), and claims for monetary damages to which you

---

[5] Plaintiff's Declaration in Opposition to Defendant's Supplemental Motion to Compel states that he emailed Defendant twelve authorizations for the release of medical records that identified the names of his medical providers and their addresses on December 1, 2022. (Doc. 94.)

have been a party or witness, including any such actions against AURA other than the instant case. Your response should include all documents related to the Complaint.

Plaintiff objected to this RFP as overbroad and based on attorney work product. (*Id*. at 19-20.) Notwithstanding the objection, Plaintiff refers to documents he has produced but does not identify the specific documents responsive to the request. Accordingly, Plaintiff's response does not comply with Rule 34(b)(2)(E), and he shall supplement it to do so. Furthermore, Plaintiff's objections are not sufficiently developed to comply with Rule 34(b)(2)(B) because he does not explain them with specificity and reasoning. The Motion will be **granted** as to RFP No. 11.

(10) <u>RFP No. 12</u>:

All documents which embody, concern, relate, refer, reflect or pertain in any way to any aspect of damages you allege you have suffered, any other sum of money you are claiming in this lawsuit, the factual basis and method of computation used to determine the amount of damages, or any other relief for which you have prayed.

Plaintiff objected to this RFP as overbroad and based on attorney work product. (*Id*. at 21-22.) Notwithstanding the objection, Plaintiff refers to documents he has produced but does not identify the specific documents responsive to the request. Accordingly, Plaintiff's response does not comply with Rule 34(b)(2)(E), and he shall supplement it to do so. Furthermore, Plaintiff's objections are not sufficiently developed to comply with Rule 34(b)(2)(B) because he does not explain them with specificity and reasoning. The Motion will be **granted** as to RFP No. 12.

(11) <u>RFP No. 13</u>:

All documents which embody, concern, relate, refer, reflect or pertain in any way to attempts made by you to mitigate the damages you allege you have suffered in your Complaint. Your response should include, but not be limited to, any resumes or applications filed by you with prospective employers, interview or offer letters, documents relating to any attempts made by you to find employment through employment agencies, recruiters, or otherwise and documents

relating to efforts you have made to engage in self-employment.

Plaintiff objects to this RFP on the grounds that he is not seeking lost wages in this litigation. (*Id.* at 23.) Defendant responds by arguing that (1) Plaintiff's Complaint states that he is seeking lost wages and (2) the request is relevant to its defense regardless of whether he seeks lost wages because Plaintiff resided in free housing (at AURA's expense) in Chile after he was terminated from his position at AURA, and thus any information regarding his mitigation attempts is relevant. (*Id.*) The Court agrees that information regarding Plaintiff's attempts to mitigate any losses suffered due to his termination from AURA is relevant and discoverable, even if Plaintiff is not seeking lost wages. Accordingly, the Motion will be **granted** as to RFP No. 13.

(12) RFP No. 14:

> All documents which embody, concern, relate, refer, reflector pertain in any way to your financial condition for each of the years from 2014 to the present. Your response should include, but not be limited to, federal, state, and local income tax returns, W-2 and 1099 forms, and all other forms, schedules and attachments, any pay stubs, payroll records, documents pertaining to retirement benefits and plans, health insurance, wages, salary and any other compensation from any source whatsoever.

Plaintiff objects to this RFP as overbroad and infringing on privacy, and refers to the documents he has already produced. (*Id.* at 24-26.) Plaintiff's response to the Motion to Compel further argues that the request is overbroad because certain records, such as tax returns, need not be disclosed when that information can be found in other documents, such as W-2s. (Doc. 72.) Plaintiff cites to district court cases finding that tax documents are not discoverable until the requesting party has exhausted its reasonable efforts to obtain equivalent information by other means. (*Id.*); *see Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, 1995 WL 625962, at *14, n. 2 (D. Kan. Oct. 5, 1995) ("courts generally do not allow discovery of income tax returns without a showing that the discovering party has exhausted reasonable efforts to obtain the substantial equivalent

of the relevant information by other means"). Defendant argues that Plaintiff's response fails to comply with Rules 34(b)(2)(E) and 34(b)(2)(B), insofar as his objections are too vague and the responsive documents have not been organized to correspond to the request. (Doc. 63-2 at 24-26.) To the extent that Defendant is seeking information regarding Plaintiff's financial compensation and status, that information is discoverable because it pertains to Plaintiff's damages in this lawsuit. However, Plaintiff's tax returns are not discoverable because Defendant has not shown that it has exhausted reasonable efforts to obtain equivalent information by other means, such as W-2s. Furthermore, Plaintiff's response does not organize and categorize documents in response to the Interrogatory, but rather refers broadly to the documents he has disclosed. For these reasons, the Motion as to RFP No. 14 will be **denied** as to Plaintiff's tax returns, and otherwise **granted**.

      (13) <u>RFP No. 15</u>:

> Any and all e-mail messages, instant message logs, text messages, Twitter submissions, postings to Instagram, LinkedIn, Facebook, and/or any other electronic postings, correspondence or submissions to social networking applications which embody, concern, relate, refer, reflect or pertain in any way to AURA or any of the allegations of your Complaint. Your response should include a copy of your Twitter submissions, postings to Instagram, LinkedIn, or Facebook account.

Plaintiff objected to this RFP as overbroad, infringing on privacy, and based on the attorney-client privilege and work-product doctrines. (Doc. 63-2 at 27-29.) Notwithstanding these objections he refers to documents already produced. (*Id.*) In his Response, Plaintiff avers that he has produced all non-privileged email correspondence and has not used any social media platform regarding his allegations. (Doc. 72.) Defendant contends that the response fails to comply with Rules 34(b)(2)(E) and 34(b)(2)(B), insofar as his objections are too vague and the responsive documents have not been organized to correspond to the request. (Doc. 63-2 at 27-29.) It appears that Plaintiff has produced all documents responsive to this RFP; however, as stated above,

Plaintiff may not refer broadly to produced documents but must organize and label them to respond to the request pursuant to Rule 34(b)(2)(E). The Motion will be **granted** as to RFP No. 15 insofar as Plaintiff's response must comply with Rule 34(b)(2)(E) and is otherwise **denied**.

(14) <u>RFP No. 17</u>:

> All documents which embody, concern, relate, refer, reflect or pertain in any way to any investigation or inquiry by any agency, commission, board, county attorney/solicitor, secretary of state, or other public body or officer, including the Equal Employment Opportunity Commission, which relate to any claim made by you. Your response should include any documents you gave to any such agency, commission, board, county attorney/solicitor, secretary of state, or other public body or officer, and any documents you received during such investigation.

Plaintiff objected to this RFP as overbroad and based on the work-product doctrine. (*Id.* at 30-31.) Notwithstanding his objection, Plaintiff refers to the documents he has produced. (*Id.*) Defendant responds that the objection is too vague within the meaning of Rule 34(b)(2)(B) and that it is not properly organized within the meaning of Rule 34(b)(2)(E). (*Id.*) Because Plaintiff has previously stated that he has provided the EEOC investigation file in this matter, and that that was the only investigation performed by any public regulatory agency, the Motion will be **denied** as to RFP No. 17.

(15) <u>RFP No. 19</u>:

> If you contend that AURA has made any admission against interest, all documents which you contend embody, concern, relate, refer, reflect or pertain in any way to an admission against the interest of AURA. Your response should include, but not be limited to, any notes, summaries, statements, logs, calendars, e-mails or diaries maintained or kept by you regarding such documents.

Plaintiff's response broadly refers to the documents he has already produced. (*Id.* at 32-33.) Plaintiff does not state whether he contends that AURA has made any admission against its interest and the Court has not identified a record of such argument. Defendant contends that this response fails to identify and organize specific documents

pursuant to Rule 34(b)(2)(E). (*Id*.) To the extent that Plaintiff may argue or claim that AURA has made admissions against its interest, he must disclose that information in compliance with the federal discovery rules. Otherwise, the Motion as to RFP No. 19 is **denied**.

(16) <u>RFP No. 20</u>:

> All documents which embody, concern, relate, refer, reflect or pertain in any way to your housing and cost of living in Chile from 2014 through July 2021. Your response should include, but not be limited to, any bills you paid, any reimbursements you received for payments you made, the form and method in which you made the payments, and any other notes, summaries, statements, logs, calendars, e-mails or diaries maintained or kept by you regarding such documents.

Plaintiff's response broadly refers to the documents he has already produced. (*Id*. at 34-35.) Defendant contends that this response fails to identify and organize specific documents pursuant to Rule 34(b)(2)(E). (*Id*.) To the extent that the responsive documents include information relating to Plaintiff's housing and cost of living in Chile between 2014 and July 2021, the Motion is **granted,** and Plaintiff must organize and label those documents in response to the RFP pursuant to Rule 34(b)(2)(E). Otherwise, the Motion as to RFP No. 20 is **denied**.

(17) <u>RFP No. 21</u>:

> All documents which embody, concern, relate, refer, reflect or pertain in any way to any awards, commendations, promotions, raises, or bonuses you were issued by AURA.

Plaintiff's response broadly refers to the documents he has already produced. (*Id*. at 36.) Defendant contends that this response fails to identify and organize specific documents pursuant to Rule 34(b)(2)(E). (*Id*.) To the extent that the responsive documents include information relating to promotions, raises, or bonuses while Plaintiff was employed at AURA, the Motion is **granted**, and Plaintiff must organize and label those documents in response to the RFP pursuant to Rule 34(b)(2)(E). Otherwise, the Motion as to RFP No. 21 is **denied**.

(18) <u>RFP No. 22</u>:

> All documents which embody, concern, relate, refer, reflect, or pertain in any way to performance counseling or disciplinary actions taken against you by AURA during the course of your employment.

Plaintiff's response broadly refers to the documents he has already produced. (*Id.* at 37.) Defendant contends that this response fails to identify and organize specific documents pursuant to Rule 34(b)(2)(E). (*Id.*) To the extent that the responsive documents include information relating to performance counseling or disciplinary actions while Plaintiff was employed at AURA, the Motion is **granted**, and Plaintiff must organize and label those documents in response to the RFP pursuant to Rule 34(b)(2)(E). Otherwise, the Motion as to RFP No. 22 is **denied**.

(19) <u>RFP No. 23</u>:

> All documents which embody, concern, relate, refer, reflect, or pertain in any way to actions taken against you by AURA which you allege show evidence of discrimination based on your age and/or your disability.

Plaintiff's response broadly refers to the documents he has already produced. (*Id.* at 38.) Defendant contends that this response fails to identify and organize specific documents pursuant to Rule 34(b)(2)(E). (*Id.*) To the extent that the responsive documents include information relating to actions AURA took against Plaintiff that he alleges show evidence of discrimination, the Motion is **granted**, and Plaintiff must organize and label those documents in response to the RFP pursuant to Rule 34(b)(2)(E). Otherwise, the Motion as to RFP No. 23 is **denied**.

(20) <u>RFP No. 24</u>:

> All documents which embody, concern, relate, refer, reflect or pertain in any way to any exhibits you intend to introduce at trial or otherwise use at trial.

The parties shall be required to disclose their trial exhibits at a later date, once a trial date has been set. The Motion will be **denied** as to RFP No. 24.

(21) <u>RFP No. 25</u>:

> If you seek attorneys' fees as an element of damages or relief in this lawsuit, all documents which embody, concern, relate, refer, reflect or pertain in any way to such fees. Your response should include, but not be limited to, all documents which embody, concern, relate, refer, reflect or pertain in any way to any arrangement or agreement by which you are paying or are to pay your legal fees in this lawsuit or any attorneys' fees you have been charged, billed, invoiced or are expected to pay in connection with or arising out of this case, or attorneys' fees you have already paid to date.

Any motions for attorneys' fees will be resolved after resolution of dispositive motions or a trial disposition in this matter. The Motion will be **denied** as to RFP No. 25.

(22) <u>RFP No. 26</u>:

> All documents not previously requested herein which you regard as containing facts or information material to any issue in this lawsuit or were otherwise identified in, referenced in, consulted, reviewed, or used to prepare the Complaint or any answers to interrogatories.

Plaintiff's response and Defendant's corresponding argument indicate that Plaintiff has produced all documents responsive to the request. To the extent that Plaintiff's responses to the previous RFPs fail to include any relevant and discoverable documents pursuant to Rule 26(b)(1), the Motion will be **granted** and Plaintiff shall disclose those documents.

## IV. Motion to Compel Appearance at Deposition and for Sanctions

Defendant moves to compel third-party Vivian Westfall to appear at a deposition, and for sanctions for Ms. Westfall's failure to appear. (Doc. 66.) Defendant avers that Plaintiff identified his wife, Ms. Westfall, as an individual with knowledge regarding his allegations. (*Id.* at 3.) Thereafter, Defendant sought to schedule a deposition of Ms. Westfall and inquired as to whether Plaintiff's counsel had authority to accept a subpoena and coordinate a deposition on her behalf. (*Id.*) However, although Plaintiff's counsel responded that he would coordinate deposition dates for Ms. Westfall, Defendant's counsel did not receive a follow-up from Plaintiff's counsel to schedule the deposition. (*Id.*) Defendant's counsel prepared a subpoena to take Ms. Westfall's deposition, sought

to obtain Ms. Westfall's address, and scheduled a court reporter, videographer, and office space near Ms. Westfall's address in Richmond, VA. (*Id*. at 4.) Defendant's counsel hired a private process server to serve the deposition subpoena package on Ms. Westfall. (*Id*.)[6] Plaintiff accepted service of the subpoena package on Ms. Westfall's behalf on September 15, 2022. (*Id*.) Ms. Westfall's deposition was scheduled for October 18. (*Id*.) After not hearing from Plaintiff's counsel about the deposition, Defendant's counsel emailed him on September 27 to follow up about the October 18 scheduled date. (*Id*. at 4-5.) On October 13, two business days before the scheduled deposition, Plaintiff's counsel informed Defendant's counsel during a discovery dispute phone call that he was unable to travel to Richmond, Virginia on October 18. (*Id*. at 5.) Defendant's counsel responded that she was unable to discuss that matter during the discovery dispute phone call and asked Plaintiff's counsel to submit a notice and request to appear remotely in writing, so that she could consult with her client and respond. (*Id*. at 5.) Plaintiff's counsel did not provide a written request. (*Id*.) On October 18, Defendant's counsel traveled 157 miles from Baltimore, Maryland to Richmond to take Ms. Westfall's deposition but neither Ms. Westfall nor Plaintiff's attorney were present at the location. (*Id*. at 5-6.) Defendant acknowledges Plaintiff's counsel's verbal representation on October 13 that he would not appear for the deposition in person but points out that he never provided that information in writing, never requested to appear virtually, and never indicated that he had instructed Ms. Westfall not to appear. (*Id*. at 6.)

Defendant requests that Vivian Westfall be compelled to appear at a deposition. (*Id*. at 11.) Defendant further requests that the Court issue sanctions against Vivian Westfall, Plaintiff Michael Westfall, and Plaintiff's attorney for ignoring the deposition subpoena directed at Ms. Westfall. (*Id*.) Defendant further requests that it be awarded its attorneys' fees and costs related to the time and expense of the October 18, 2022 deposition in Richmond, as well as fees and costs related to the instant Motion. (*Id*.) If

---

[6] Apparently, Plaintiff's counsel received the first deposition subpoena package that Defendant's counsel had sent to a prior address in Cleveland, Tennessee, but never acknowledged receipt of it.

the Court grants the Motion for Sanctions, Defendant asks that it be permitted to submit a detailed accounting of its attorneys' fees and costs. (*Id.*) Defendant argues that these remedies are appropriate because (1) neither Ms. Westfall nor Plaintiff objected to or otherwise moved to quash the subpoena and (2) Plaintiff's counsel failed to inform Defendant's counsel that Ms. Westfall would not attend the October 18 deposition. (*Id.* at 10.)

Plaintiff responded in opposition. (Doc. 73.) First, Plaintiff contends that a September 7, 2022 email to Defendant's counsel indicates that Plaintiff's attorney agreed to coordinate dates for depositions for both Mr. and Ms. Westfall at that time. (*Id.* at 2.) Plaintiff reiterates that he informed Defendant's counsel that he was not available on October 18 and requested that depositions be conducted remotely. (*Id.*) Plaintiff disputes Defendant's counsel's characterization of the communications leading up to October 18. (*Id.*) Plaintiff further argues that the subpoena served on Ms. Westfall was invalid because it did not include a witness fee pursuant to Fed. R. Civ. P. 45(b). (*Id.* at 3.) Plaintiff contends that mileage in the amount of $81.32 was included with the subpoena for the round-trip from Scottsville, Virginia to Richmond, which was based on the IRS mileage rate of 62.5 cents per mile. (*Id.*) However, the subpoena did not include the witness fee. (*Id.*)

### A. Applicable Law

Fed. R. Civ. P. 30(a)(1) provides that a party may "depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)[7]" and that "attendance may be compelled by subpoena under Rule 45." *See also Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010) (non-party's attendance at deposition can be compelled only by subpoena).

Parties are authorized to move for an order compelling discovery, including depositions, pursuant to Fed. R. Civ. P. 37, and that same rule authorizes sanctions in the event that a party "fails, after being served with proper notice, to appear for that person's

---

[7] The exceptions listed in Rule 30(a)(2) do not apply here.

deposition." *See* Fed. R. Civ. P. 37(d)(1)(A)(i); *see also Sec. & Exch. Comm'n v. Seaboard Corp.*, 666 F.2d 414, 416 (9th Cir. 1982). "A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). However, "the court where the action is pending has 'inherent power' to compel a party deponent to answer." Adv. comm. notes, Fed. R. Civ. P. 37(a)(1).

Under the discovery enforcement provisions of Rule 37, "a court can order a party to produce its nonparty [] witness at a deposition." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1220 (9th Cir. 2018). "[I]f the party makes no effort to ensure that its witness attends the deposition, [a court may] sanction the party's counsel when the witness fails to appear unless the failure to produce the [witness] 'was substantially justified or other circumstances make an award of expenses unjust.'" *Id.* (quoting Fed. R. Civ. P. 37(b)(2)(C)).

Rule 37(a)(5) provides that, if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, the court "must not order this payment if," in relevant part, "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). This Rule applies to motions to compel non-parties to appear at depositions. *Sali*, 884 F.3d at 1223 (citing *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.4 (9th Cir. 1983)). Accordingly, discovery orders directing non-parties to appear at depositions, along with sanctioning parties for disobeying such orders, is "within the scope of [a court's] Rule 37 powers." *Id.* If a party seeking a deposition "suspects that the opposing party is the bottleneck—either directing or encouraging its witness not to appear—an order directed at the opposing party may be fruitful." *Id.* at 1225. The opposing party "may have practical reasons for not wanting its own witness to be served with a subpoena, and service of an unnecessary subpoena ... against the wishes of the

opposing party's counsel would be unseemly and inordinately bellicose." *Id*. (internal quotations and citation omitted). Courts have sanctioned parties for violating discovery-related orders by failing to produce witnesses for scheduled depositions. *Id*. at 1223 (citing *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 986 (6th Cir. 1988); *Nat'l Life Ins. v. Hartford Accident & Indem. Co.*, 615 F.2d 595, 600 (3d Cir. 1980)).

If a deponent disobeys a subpoena to appear at a deposition, the court can hold the deponent in contempt. Fed. R. Civ. P. 45(g). "If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Fed R. Civ. P. 37(b)(1).

Fed. R. Civ. P. 45(b)(1) provides, in relevant part, that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Rule 45 requires that payment be tendered simultaneously with the delivery of the subpoena. *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir. 1983) (declining to reach "whether checks sent one month after service were adequate" and holding that "the plain meaning of Rule 45[(b)] requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena"); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) ("Fees must be tendered concurrently with the subpoena."). Unless the deponent "waived the requisite tendering of the witness fee or failed to properly object to the absence of a such a fee," service of a subpoena is defective. *BNSF Ry. Co. v. Alere, Inc.*, 2018 WL 2267144, at *6 (S.D. Cal. May 17, 2018). A failure to timely object to a failure to tender a witness fee waives the objection. *See Columbia Asset Recovery Grp., LLC v. Phoenix Processor Ltd. P'ship*, 2014 WL 813796, at *1, n. 1 (W.D. Wash. Mar. 3, 2014) (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (discovery requests must be responded to within 30, or in some cases 45, days)). Rule 33(b)(2) and Rule

34(b)(2)(A) provide that any objections must be served within thirty days of being served with discovery requests.

### B. Analysis

As an initial matter, Plaintiff's objection regarding payment of the witness fee is untimely and therefore waived. The parties do not dispute that Plaintiff accepted service of the subpoena on Ms. Westfall's behalf on September 15, 2022, and Plaintiff objected for the first time to the lack of witness fee in his response to this Motion, filed on November 15, 2022. (Doc. 73.) Thus, the objection came two months after the deposition subpoena package was served. Because Plaintiff did not timely object to the absence of the witness fee, the objection was waived and the subpoena was not defective.

Plaintiff's additional arguments are unavailing in light of the evidence showing Defendants' repeated attempts to communicate with Plaintiff's counsel's regarding Ms. Westfall's deposition and Plaintiff's counsel's overall failure to meaningfully cooperate in order to facilitate discovery in this litigation. Defendant details numerous attempts to coordinate and communicate with Plaintiff's counsel regarding the deposition; Plaintiff's counsel failed to reciprocate these efforts. Rather, Plaintiff's counsel's approach belies an attitude of delay and non-cooperation, which the Court finds unacceptable. Plaintiff's counsel had multiple opportunities over a lengthy period of time to coordinate and communicate with Defendant's counsel regarding the scheduling of Ms. Westfall's deposition. His failure to do so led Defendant's counsel to unilaterally schedule the deposition. Plaintiff's counsel could have contacted Defendant's counsel at any point after that to reschedule the October 18 deposition but did not do so. Instead, he informed Defendant's counsel a mere five days before the deposition that he would not be able to attend but did not indicate whether he could appear remotely or whether Ms. Westfall would be present. The failure of both Plaintiff's counsel and Ms. Westfall to appear at the deposition, even after being served with the subpoena package, raises a genuine question of whether Plaintiff, and possibly his counsel, takes this litigation seriously.

To facilitate Plaintiff's full engagement and participation in this litigation moving forward, and to remedy the harms Defendant alleges as a result of its expenditure of money and time connected to its attempts to take Ms. Westfall's deposition, the Motion to Compel Appearance at Deposition and for Sanctions will be granted. Plaintiff's counsel shall make Ms. Westfall available for, and shall coordinate with Defendant's counsel to schedule, a deposition within thirty days of the date this Order is filed. Furthermore, sanctions will be granted insofar as Plaintiff shall be required to reimburse Defendant for its expenses connected to (1) the preparation and filing of the Motion to Compel Appearance and Deposition and for Sanctions and (2) setting up and attending the October 18 deposition at which Ms. Westfall failed to appear. Defendant shall file a detailed accounting, with receipts and other documentary evidence, of those expenses. The accounting shall clearly delineate which expenses were incurred for each purpose. Defendant shall refer to LRCiv 54.2(d) and (e) for the local rules of this Court regarding documentation of attorneys' fees and costs.

## V.    Supplemental Motion to Compel Discovery Responses and Document Production

On December 21, 2022, Defendant filed a Supplemental Motion to Compel Discovery Responses and Document Production. (Doc. 90.) Defendant recounts a summary of the status conference that took place on December 1, 2022, at which Defendant argued that most of the discovery deficiencies addressed in its Motion to Compel remained outstanding and identified the three specific issues of (1) witnesses to Plaintiff's claims; (2) medical records related to Plaintiff's disability; and (3) a list of Plaintiff's medical providers. (*Id*. at 2.) Defendant's counsel stated that he would supplement discovery responses to provide information regarding witnesses and medical providers. (*Id*. at 2-3.) The parties also discussed the deposition of Ms. Westfall. (*Id*. at 3.) Thereafter, Defendant's counsel sent several emails to Plaintiff's counsel in an attempt to follow up about these matters, and the parties held a telephone call on December 14. (*Id*. at 4.) During that call, Plaintiff agreed to supplement discovery

responses by December 16. (*Id.*) From December 14 until December 21, when Defendant filed the Motion, it did not hear from Plaintiff and did not receive responses to its discovery requests. (*Id.*) Defendant seeks sanctions against Plaintiff, Ms. Westfall, and Plaintiff's counsel for "their collective continued avoidance of the judicial process and this Court's instructions stated on the record on December 1." (*Id.* at 5.) Plaintiff filed a Declaration in response, stating, in part, that (1) his office was closed for the holidays during the relevant time period; (2) he was awaiting translation of medical documents from Plaintiff's medical treatment in Chile; (3) Plaintiff lost internet access in early January due to storms in California; and (4) he provided supplemental responses and documents in response to the discovery requests. (Doc. 94.)

The remaining discovery disputes between the parties have been resolved as set forth in this Order. The resolution of the Motion to Compel and the Motion to Compel Appearance at Deposition and for Sanctions adequately addresses Defendant's concerns raised in the Supplemental Motion. Furthermore, the Court does not find grounds to issue additional sanctions against Plaintiff for a delay in responding to Defendant's communications during the holidays. Accordingly, the Motion will be denied.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED**:

(1) The Motion to Compel (Doc. 63) is **granted in part and denied in part**, as set forth herein in Section III.

(2) The Motion to Compel Appearance at Deposition and for Sanctions (Doc. 66) is **granted**. Within **thirty (30) days** of the date this Order is filed, the parties shall schedule and conduct the deposition of Ms. Westfall. **Within thirty (30) days** of the date this Order is filed, Defendant shall file an accounting of its expenses incurred as a result of (1) preparing and filing the Motion (Doc. 63) and (2) setting up and attending the October 18 deposition at which Ms. Westfall did not appear.

(3) The Supplemental Motion to Compel Discovery Responses and Document Production (Doc. 90) is **denied**.

Dated this 6th day of February, 2023.

Honorable Rosemary Márquez
United States District Judge